HOWARD E. HOUSTON ET AL. *v.* HIGHWAY COMMIS-
SIONER OF THE STATE OF CONNECTICUT

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, JS.

Argued April 8—decided April 27, 1965

*Francis R. Danaher,* for the appellants (plain-
tiffs).

*Jack Rubin,* assistant attorney general, with
whom, on the brief, was *Harold M. Mulvey,* attorney
general, for the appellee (defendant).

MURPHY, J. The plaintiffs have appealed from a
judgment rendered on a report of a state referee
reassessing the damages sustained by the plaintiffs
in the taking by the defendant of a portion of their
property for highway purposes. General Statutes
§ 13-150 (now § 13a-76). The parties waived the stat-
utory requirement that the referee "shall view the
land" in connection with his duties in the reassess-
ment. The plaintiffs, dissatisfied with the referee's

determination of damages, sought unsuccessfully to have the report rejected on the ground that the viewing of the land was mandatory and could not be waived. That is the principal question for our determination.

We have consistently held that the visual observations made by the trier on a visit to the property are as much evidence as the evidence presented for his consideration by the witnesses under oath. They are in fact supplemental evidence. *Altman* v. *Hill,* 144 Conn. 233, 237, 129 A.2d 358; *Hollister* v. *Cox,* 131 Conn. 523, 525, 41 A.2d 93; *G. F. Heublein, Inc.* v. *Street Commissioners,* 109 Conn. 212, 218, 146 A. 20; *Forbes* v. *Orange,* 85 Conn. 255, 257, 82 A. 559; *McGar* v. *Bristol,* 71 Conn. 652, 655, 42 A. 1000; 29 C.J.S., Eminent Domain, § 298. It is axiomatic that, in litigation, the parties may waive their right to offer evidence and may stipulate to the facts. General Statutes § 13-150, now § 13a-76, requires the referee to view the property, but this requirement may be dispensed with by the mutual agreement of the parties. The plaintiffs have advanced no legitimate reason why they should be permitted to recant the waiver voluntarily relinquishing their right to have the referee view the land. See *State* v. *Rankin,* 102 Conn. 46, 49, 127 A. 916; *Goldberg* v. *Krayeske,* 102 Conn. 137, 141, 128 A. 27; *Nowey* v. *Kravitz,* 133 Conn. 394, 395, 51 A.2d 495; *Krupa* v. *Farmington River Power Co.,* 147 Conn. 153, 156, 157 A.2d 914; *Rockford, R.I. & St. L.R. Co.* v. *Coppinger,* 66 Ill. 510, 512; 29 C.J.S., Eminent Domain, § 288.

The plaintiffs have also assigned as error the denial by the referee of a request for a special finding under Practice Book § 355. As indicated in the decision of the referee, the facts requested either appeared in the report or were of an evidential

character and were thus improper. *Alishausky* v. *MacDonald,* 117 Conn. 138, 140, 167 A. 96. The only fact omitted in the original report was included in an amendment filed later in response to a motion to correct. No harm to the plaintiffs resulted from the denial of the request for the special finding.

There is no error.

In this opinion the other judges concurred.