WHITE OAK EXCAVATORS, INC. *v.* JOSEPH B. BURNS, COMMISSIONER OF TRANSPORTATION

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued December 9, 1976—decision released March 1, 1977

*Steven D. Bartelstone,* with whom, on the brief, was *Edward S. Rogin,* for the appellant (plaintiff).

*Angelo J. Smeraldi,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

BOGDANSKI, J. The commissioner of transportation condemned a portion of the plaintiff's land and filed a statement of compensation in the amount of $11,800. Claiming that the compensation was inadequate, the plaintiff applied to the Superior Court for a review of damages, where the matter was referred to a state referee, who, exercising the powers of the Superior Court, reassessed damages at $19,400. From that judgment the plaintiff has appealed, assigning error in the court's finding of facts, in its refusal to find material facts claimed to be admitted or undisputed, and in the conclusions reached.

On October 2, 1973, the plaintiff owned 27.39 acres of undeveloped land in the town of Plainville. On that date, the commissioner took 9.21 acres, in two parcels, leaving 18.18 acres. Bruce Avenue and a thirty-two-foot right-of-way, 1300 feet in length, provided access to the property before the taking. After the taking, the plaintiff was denied access to

its property from Bruce Avenue and route 72, as relocated. The commissioner also took an easement to drain and to place riprap on the plaintiff's remaining property. The property abutting Bruce Avenue was twenty-five feet below the grade of Bruce Avenue, had several streams running through it, and was zoned flood plain. As flood plain, it could legally be used for open storage of industrial and commercial raw materials. The plaintiff is engaged in the highway and heavy construction business.

We first address ourselves to the numerous assignments of error directed at the finding. The plaintiff seeks to have the following fact added to the finding: "Materials can be stored on the subject property without filling the land," claiming that there was testimony to that effect. Facts can be added to the finding only when they are admitted or undisputed. *National Broadcasting Co. v. Rose,* 153 Conn. 219, 223, 215 A.2d 123. A fact is not admitted or undisputed merely because it has not been contradicted. The question of credibility is for the trier. "To secure an addition to the finding, an appellant must point to some part of the appendix, the pleadings, or an exhibit properly before us which discloses that the appellee admitted that the fact in question was true or that its truth was conceded to be undisputed." *Malarney v. Peterson,* 159 Conn. 342, 344, 269 A.2d 274; see Practice Book § 628 (a); Maltbie, Conn. App. Proc. § 128. The plaintiff has failed to show that the fact claimed was either admitted or undisputed. Moreover, the finding reveals that the trial court viewed the property. Under those circumstances the addition cannot be made.

Another fact sought to be added was that "[a]ll of the plaintiff's land could be filled to elevation

180 without any cost to the plaintiff." That proposed addition was properly excluded since it was immaterial in view of the applicable law that market value is not to be ascertained by the cost or absence of development costs to the owner, but by the reasonable cost of development in the open market at the time of the taking.

The plaintiff has also attacked the finding that "[a] plan for development of [open] storage use would require the approval of a site plan by Town of Plainville authorities and could involve state statutes relating to environmental control," as a conclusion unsupported by the subordinate facts found. Conclusions of a trial court are tested by the finding; *Klein* v. *Chatfield,* 166 Conn. 76, 80, 347 A.2d 58; and the validity of a finding of fact is tested by the evidence printed in the appendices to the briefs. Practice Book § 628Q; *Grodzicki* v. *Grodzicki,* 154 Conn. 456, 459, 226 A.2d 656. While the above tests are clear, "troublesome questions . . . sometimes arise as to the facts to be included, the part of the finding in which they should appear and the manner in which they should be stated. The difficulties so presented are not made easier by the lack of any accepted terminology by which various types of facts are referred to in the opinions of the court." Maltbie, Conn. App. Proc. § 136.

Whether the trial court's above finding is a conclusion or a finding of fact is not free from doubt. The difficulty is one of terminology and is discussed at length in Maltbie, Conn. App. Proc. §§ 136–141. The import of those sections is that the appellant must have a practical means of testing the validity of findings made in a finding by whatever names called. See *Bridgeport Hydraulic Co.* v. *Stratford,* 139 Conn. 388, 390–91, 94 A.2d 1.

The challenged finding sets out two particular facts which the court viewed as being material to the issue of damages. The court reached those facts from the direct testimony of witnesses. That finding, therefore, will be treated as a finding of fact, the validity of which will be tested by the printed appendix to the briefs.[1]

The plaintiff also argues that the above finding is speculative. The short answer is that the trial court's use of the word "could" is not indicative of speculation or surmise. Charles Motes, an inland wetlands enforcement official, testified that on the date of taking there was a public law in effect that applied to the subject property, and that the law required that a permit be obtained from a state body before the subject property could be filled.

The plaintiff further claims that the following facts were found without evidence: (1) that to utilize the land properly for the purpose for which it was zoned, before the taking, it would have been necessary to bring in earth material fill; (2) that the fill required for utilization of the portion of land taken for permitted activities would be 102,150 cubic yards;[2] and (3) that the only comparable sale used by the defendant's appraiser was a sale of landlocked land where the purchaser had obtained access thereto as part of the transaction. The

---

[1] When a finding of fact is also a statement of applicable law, as this one is, the inquiry need not end with a determination that the finding is supported by evidence printed in the other party's brief. An error of law may be reversed by this court even when it is found as a fact.

[2] The reason for this finding was to show the amount of fill required to raise the property to elevation 180. The finding was made because of the plaintiff's claim that if the property were so filled, it would be suitable for industrial and commercial development and would have a considerably higher value per acre.

validity of such claims is tested by the evidence printed in the appendices to the briefs. Practice Book § 628M; see, e.g., *Morningside Assn.* v. *Morningside Development, Inc.,* 172 Conn. 60, 63, 372 A.2d 141. The appendix reveals that Joseph Mulready, a real estate appraiser, testified that in order to utilize the land properly it would be necessary to fill the subject property; that Benedito Nascimbeni, a registered land surveyor and a witness for the plaintiff, testified that the 9.1 acres taken would require 102,150 cubic yards of fill to bring that land to elevation 180; that Peter Marsele testified that the comparable sale he used involved land that was landlocked at the time it was acquired, but in circumstances where the purchaser had negotiated the purchase of an access way prior to the purchase and did in fact acquire access after the purchase. With that testimony before the court, the attack on those findings must fail.

The trial court found that the 9.1 acres taken were lower in elevation than the remainder of the property, requiring approximately as much fill as the remainder, even though only approximately one-third the area of the whole tract; that other expenditures would have been necessary for the preparation of the property for the limited uses permitted by zoning, including expenditures for the clearing of the land of trees and brush and for the erection of fences; that the highest and best use of the property would be for the open storage of materials and equipment used in the contracting business; that a plan for the development of such storage use would require the approval of a site plan by authorities of the town of Plainville, and could involve state statutes relating to environmental control; that development costs are a factor in the deter-

mination of market value, which are not to be ascertained by the cost or absence of cost to the owner, but by the reasonable cost of the development on the open market; and that a prospective buyer would have to take that cost into consideration.

The trial court then concluded that the market value of the property before the taking was $2000 per acre for a total value of $55,780; that the land retained was unaffected by the taking and continued to have a value of $2000 per acre for a total after-value of $36,360; that the damage due to the plaintiff as a result of the taking was $19,420, rounded to $19,400; and that the testimony concerning the plaintiff's claim that the subject property was worth $15,000 per acre was not supported by credible evidence.

In a condemnation proceeding, the trial court is more than a trier of the facts or an arbiter of differing opinions of witnesses. "He is charged by the General Statutes and the decisions of this court with the duty of making an independent determination of value and fair compensation in the light of all the circumstances, the evidence, his general knowledge and his viewing of the premises." *Birnbaum* v. *Ives,* 163 Conn. 12, 21, 301 A.2d 262; *Bowen* v. *Ives,* 171 Conn. 231, 239, 368 A.2d 82. Evidence which we have often considered in the past is the court's view of the property and its appraisal based in part on that view. We have consistently held that the visual observations made by the trier on a visit to the property are as much evidence as the evidence presented for his consideration by the witnesses under oath. *Birnbaum* v. *Ives,* supra, 20; *Houston* v. *Highway Commissioner,* 152 Conn. 557, 558, 210 A.2d 176.

The conclusions reached must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Ross* v. *Ross,* 172 Conn. 269, 275, 374 A.2d 185; *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500; *Brockett* v. *Jensen,* 154 Conn. 328, 331, 225 A.2d 190. We conclude that the finding of subordinate facts amply and adequately supports the conclusions reached and that no erroneous rule of law was applied by the trial court.

There is no error.

In this opinion the other judges concurred.