GERMANUS A. McDERMOTT ET AL. *v.* NEW HAVEN REDEVELOPMENT AGENCY

BOGDANSKI, C. J., PETERS, HEALEY, ARMENTANO and SHEA, JS.

Argued March 10—decision released June 16, 1981

*Richard C. Feldman,* with whom, on the brief, was *Phoebe B. Boyer,* for the appellants (plaintiffs).

*Sherman Zitomer,* for the appellee (defendant).

SHEA, J. Germanus A. McDermott and Angela McDermott (hereinafter referred jointly to as the plaintiff) appealed from a judgment of a state trial referee reassessing the damages to be awarded for the condemnation of certain real estate which the plaintiff owned situated on Middletown Avenue and Newport Street in New Haven. The plaintiff

had operated a gas station on one of the parcels and the remaining land taken consisted of three vacant lots. The judgment increased the award from $36,000 in the statement of compensation filed by the defendant redevelopment agency to $52,400.

The plaintiff claims error in the conclusions of value drawn from the evidence by the trial referee, in his failure to file a sufficient report of his findings, and in his striking testimony of the plaintiff concerning an offer he had received for the purchase of the property.

The plaintiff has no quarrel with the total valuation of $10,000 placed by the referee upon the three vacant lots. This amount was substantially higher than the estimate of $8500 by the appraiser who testified in behalf of the plaintiff but corresponded exactly to the valuation given by the defendant's expert.

The gas station property, including improvements, was valued at $67,500 by the plaintiff's appraiser and at $26,000 by the defendant's appraiser. The plaintiff himself testified that it was worth $100,000. The referee found its value to be $42,400, allowing $36,400 for the land and $6000 for the building and site improvements. The principal claim of the plaintiff is that the referee failed to attribute any value to the status of the gas station as a nonconforming use. The memorandum of decision does not mention a nonconforming use, but it does indicate that the referee used a substantially higher unit value, three dollars per square foot, in arriving at his valuation of $36,400 for the gas station land without improvements than the unit value of approximately sixty-five cents per square foot used for the lots situated across the

street. In any event, there was evidence to indicate that the plaintiff's operation of the gas station for several years had been only minimally profitable. "While a use may be nonconforming, whether the use makes the property more valuable is a question of fact for the court to decide." *Gebrian* v. *Bristol Redevelopment Agency,* 171 Conn. 565, 574, 370 A.2d 1055 (1976). The referee was entitled to discount the testimony of the plaintiff's appraiser concerning the advantage of the nonconforming use of the property in minimizing competition from other potential gas stations in the area in the light of the plaintiff's actual experience. We are satisfied from our review that the evidence adequately supports the conclusion reached.

We have recently considered a claim that a memorandum of decision by a trial referee was deficient in failing to set forth the factual basis of the decision as required by Practice Book § 3060B. *Scherr* v. *Scherr,* 183 Conn. 366, 368, 439 A.2d 375 (1981). It is true that the trier must consider each factor which may reasonably affect the value of the property, as the plaintiff maintains, but it is not essential that each element be meticulously recited in the memorandum. Id. We see no significant distinction between the statutory requirement that the report "shall contain a detailed statement of findings by the referee, sufficient to enable the court to determine the considerations upon which the referee based his conclusions"; General Statutes § 8-132; and the standard established by rule that the court must "state its decision on the issues in the case and, if there are factual issues, the factual basis of its decision." Practice Book § 3060B. It is clear that the more formal requirements established for reports in cases referred to committees by the

practice rules; Practice Book § 434; were not applicable to this case which was referred to a trial referee. Practice Book § 430.

The only deficiency in the memorandum of decision which the plaintiff specifically points out is the referee's failure to explain why the unit value of $3 per square foot was selected as the basis for the value of the gas station site. The plaintiff's appraiser had used $4.50 per square foot. The defendant's appraiser gave no unit value for this land, in area 12,144 square feet. His appraisal of $26,000 for land and improvements, if the $6000 attributed to the latter by the referee is deducted, leaves $20,000 for the land, a unit value of approximately $1.62 per square foot. The trial referee's unit value of $3 is approximately in the center of this rather wide range. This circumstance does not indicate a compromise, as the plaintiff suggests, but is consistent with the duty of a referee to make his own independent determination of fair compensation. *E & F Realty Co.* v. *Commissioner of Transportation,* 173 Conn. 247, 253, 377 A.2d 302 (1977). "The purpose of offering in evidence the opinions of expert witnesses as to such matters as land values is to aid the trier to arrive at his own conclusion, which is to be reached by weighing those opinions in the light of all the circumstances in evidence bearing upon value, and his own general knowledge of the elements going to establish it." *Appeal of Cohen,* 117 Conn. 75, 85, 166 A. 747 (1933). A referee's visual observations of the property which the statute (§ 8-132) requires him to make are also evidence in the case. *White Oak Excavators, Inc.* v. *Burns,* 172 Conn. 478, 484, 374 A.2d 1097 (1977). The memorandum of decision mentions that the referee viewed the premises. We

cannot insist that the precise mental process be detailed by which the trier selects a particular value from the range of values supported by the evidence. We conclude that the memorandum states the factual basis of the award sufficiently to meet the requirements of the statute or the rule. General Statutes § 8-132; Practice Book § 3060B.

The ruling upon evidence which the plaintiff claims as error pertains to the admissibility of an offer to purchase property as evidence of its value in a condemnation proceeding. The plaintiff first testified that he had received an offer to purchase the three vacant lots for $10,000 about five years earlier. The referee struck this testimony upon motion of the defendant and the plaintiff took exception. No error is claimed in this ruling, however. Obviously it was not prejudicial in view of the finding made of the value of the lots.

The plaintiff next testified that he had received an offer to purchase the gas station property from Gasland. In response to a question about when the offer had been received, he replied "$100,000." This unresponsive answer was stricken without objection. After the question was repeated he responded that the offer had been made in 1979. The defendant then moved that the answer be stricken and the referee did so. The plaintiff stated that he claimed the answer as a basis for his own opinion of the value of the property. The referee stated that he would permit the plaintiff to give his own opinion of value but would not allow the valuation of another person, unavailable for cross-examination, to be admitted because the many possible conditions of the offer were unknown. The referee again ordered the answer stricken. The plaintiff took no

exception to this ruling nor did he attempt to lay any further foundation for testimony about the offer.

Most of the cases have held that an unaccepted offer to purchase real estate is not admissible as evidence of its value. Note, 7 A.L.R.2d 781, 785; *Sharp* v. *United States,* 191 U.S. 341, 24 S. Ct. 114, 48 L. Ed. 211 (1903). A few cases have admitted such testimony where a proper foundation has been established concerning the conditions of the offer and the good faith and financial responsibility of the offeror. 7 A.L.R.2d 781, 798; *Chicago* v. *Lehmann,* 262 Ill. 468, 104 N.E. 829 (1914). Since the defendant took no exception to the ruling of the court and also failed to establish a proper foundation for the admissibility of such evidence even under the minority view, we find this to be an inappropriate occasion upon which to commit ourselves to either view. Practice Book §§ 288, 3063; *El Idrissi* v. *El Idrissi,* 173 Conn. 295, 300, 377 A.2d 330 (1977). The situation clearly does not fall within the exceptional circumstances allowing appellate consideration of newly raised constitutional claims despite failure to follow the rules of practice. *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). We decline, therefore, to consider this claim of error further.

There is no error.

In this opinion the other judges concurred.