JAY DOOLEY ET AL. *v.* RALPH LEO

BOGDANSKI, C. J., SPEZIALE, PETERS, HEALEY and ARMENTANO, JS.

Argued May 5—decision released July 14, 1981

*Wesley W. Horton,* with whom was *Nicholas G. Sarantopoulos,* for the appellant (plaintiff).

*Robert J. Kelleher,* with whom, on the brief, was *Paul E. Veilleux,* for the appellee (defendant).

SPEZIALE, J. This appeal concerns the amount of damages awarded for the breach of the restoration clause in a contract for the excavation of gravel. The plaintiff[1] claims that the trial court erred by failing to state the factual basis of its decision and that the amount of damages awarded to the plaintiff is clearly erroneous in light of the evidence and the facts stated in the memorandum of decision.[2] Upon a review of the record we find no error.

The key provision of the contract states: "As lessee excavates gravel or other materials, he shall pile up the top soil and keep the same in piles on location. At the termination of the lease period the

---

[1] The contract was between Virginia Dooley and Ralph Leo. Jay Dooley is the only child and sole heir of Virginia Dooley. After Mrs. Dooley's death this action was brought by Jay Dooley individually. Later Jay Dooley intervened as a plaintiff in his capacity as administrator of his mother's estate. The trial court found that the administrator was the sole party in interest. This opinion, therefore, will use the singular "plaintiff" rather than the plural "plaintiffs."

[2] The plaintiff also requests that if a new hearing in damages is granted, the trial court be permitted to consider anew the question of whether to include interest in the amount of damages to be awarded on rehearing. Because we find no error in the present award, it is not necessary to address this claim.

lessee shall level off depressions in a reasonable manner so as not to leave deep holes or dangerous water holes, and after such levelling he shall spread back the top soil segregated and piled up as stated herein. Nothing herein shall obligate the lessee to refill or replace gravel or earth removed, it being the intent of this clause that lessee shall smooth out excavations so as to eliminate deep holes and water holes or other dangerous areas incidental to and caused by the removal by him of materials under this lease." At the lengthy trial the plaintiff claimed: that the defendant had left deep, dangerous holes and ditches; and, also, that the defendant had not properly preserved the topsoil, in that the defendant had either inadvertently disposed of some of the topsoil or converted it to his own use. The trial court found, and the defendant conceded, that holes were left on the Dooley property. The trial court rejected the plaintiff's contention that the defendant had removed topsoil from the Dooley property to the defendant's adjacent land. With respect to the amount of topsoil present on the land before and after excavation, the trial court in its memorandum of decision summarized the testimony of the experts presented by both parties and emphasized the prerogative of the trier of fact to believe some but not all of an expert's testimony.

We first consider the plaintiff's claim that the trial court erred by failing to state the factual basis of its decision. Practice Book § 3060B requires the trial court to "state its decision on the issues in the case and, if there are factual issues, the factual basis of its decision." Where there are no findings of subordinate facts to support a conclusion, this court may remand the case for further articulation; Practice Book § 3060D; *Powers* v. *Powers,* 183

Conn. 124, 125, 438 A.2d 845 (1981); or order a new trial. *Kowalczyk* v. *Kleszczynski*, 152 Conn. 575, 578, 210 A.2d 444 (1965). In the present case, however, the trial court has written three memoranda of decision emphasizing its selectivity in accepting the testimony of the expert witnesses and the necessity of assessing damages by approximation because of the nature of this case.[3] See *Hedderman* v. *Robert Hall of Waterbury, Inc.*, 145 Conn. 410, 414, 144 A.2d 60 (1958). Where, as here, there is strongly conflicting testimony from the expert witnesses, the trier of fact must determine the credibility of that testimony and may believe all, some, or none of the testimony of a particular witness. *Lukas* v. *New Haven*, 184 Conn. 205, 208, 439 A.2d 949 (1981); *Johnson* v. *Healy*, 183 Conn. 514, 515-16, 440 A.2d 765 (1981); *Toffolon* v. *Avon*, 173 Conn. 525, 530, 378 A.2d 580 (1977). In its memoranda the trial court summarized the experts' testimony on the work necessary to restore the property and the cost of doing so. The trial court commented on the weight it accorded to certain expert testimony and the trial court also relied on its own examination of the premises. We hold that the trial court did state the factual basis of its decision in compliance with Practice Book § 3060B.

The plaintiff's second claim of error is that the amount of damages awarded by the trial court is clearly erroneous in light of the evidence presented

[3] The trial court was presented with a motion to open the judgment; Practice Book § 326; and, also, a motion for rectification. Practice Book § 3082. The trial court's second and third memoranda were in response to those motions. The trial court's denial of the motion for rectification was reviewed by this court upon the plaintiff's motion for review of that denial; and we denied the relief requested by the plaintiff. See Practice Book § 3108.

and the facts stated in the memorandum of decision. The trial court properly concluded that the measure of damages is the amount necessary to put the plaintiff in the same position as he would have been in if the defendant had met his contractual obligation to restore the premises. *Brookfield* v. *Greenridge, Inc.*, 177 Conn. 527, 537, 418 A.2d 907 (1979); *Lar-Rob Bus Corporation* v. *Fairfield*, 170 Conn. 397, 405, 365 A.2d 1086 (1976). "[M]athematical exactitude in the proof of damages is often impossible, and . . . 'all that can be required is that the evidence, with such certainty as the nature of the particular case may permit, lay a foundation which will enable the trier to make a fair and reasonable estimate.' *Ball* v. *T. J. Pardy Construction Co.*, 108 Conn. 549, 551, 143 A. 855 [1928]." *Hedderman* v. *Robert Hall of Waterbury, Inc.*, supra.

The trial court explicitly rejected the plaintiff's claim that the defendant removed topsoil from the premises. Thus the only basis for a claim of breach of contract with respect to the topsoil is that the defendant did not "pile up the top soil" or did not "spread back the top soil segregated and piled up." Both parties and their experts testified that the defendant had left piles of topsoil on the plaintiff's property. The court viewed the premises. A visual observation of the property by the trier of fact is evidence of the condition of the property which may be considered as any other evidence. *Brookfield* v. *Greenridge, Inc.*, supra; *White Oak Excavators, Inc.* v. *Burns*, 172 Conn. 478, 484, 374 A.2d 1097 (1977); *Houston* v. *Highway Commissioner*, 152 Conn. 557, 558, 210 A.2d 176 (1965). The expert testimony was sharply conflicting on the amount of topsoil on the property before and after the defendant's gravel operations. The trial court stated

repeatedly that it did not accept in toto the testimony of one expert or another. The trial court well could have concluded that the defendant did not breach his promise to "pile up the top soil."

The court found that the defendant failed to fill two large holes and a ditch. The defendant testified that he could fill the holes and spread the reserved topsoil for $350 per acre. The plaintiff's expert testified that he would charge $1000 per acre to fill about nine holes plus the ditch and make the property suitably level for an industrial park or residential subdivision. In addition the plaintiff's expert would charge 75¢ per cubic yard to spread the topsoil. The lease covered a forty-acre parcel of land and the testimony on how much of it needed to be restored centered on two conflicting figures: 29.5 acres or 37.7 acres. The trial court awarded the plaintiff $18,850 for the breach of contract. The issue is not whether the trial court could have reached a different conclusion but whether the conclusion which it did reach is clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). See Practice Book § 3060D. Upon a review of the evidence, we cannot say that the trial court's award of damages was clearly erroneous.

There is no error.

In this opinion the other judges concurred.