HALLMARK OF FARMINGTON *v.* LEO C. ROY
(2059)

TESTO, DUPONT and BORDEN, Js.

Argued November 8, 1983—decision released February 21, 1984

*Richard P. Weinstein,* with whom, on the brief, was *Patrick A. Cosgrove,* for the appellant (plaintiff).

*Robert T. Francis,* for the appellee (defendant).

TESTO, J. This action was brought by the plaintiff to recover the balance of money due pursuant to a construction contract. The defendant denied that there was any money still due and owing to the plaintiff and pled by way of special defense that the work was not completed in accordance with the contract and that the work performed was improper. The defendant counterclaimed alleging that he had made certain payments to the plaintiff, that the work performed did not conform to the contract and that the swimming pool, the subject of the contract, could not be used in its present condition. The trial court found for the defendant and rendered judgment for him on the complaint and on his counterclaim, awarding him damages in the amount of $8750 plus costs. From this judgment the plaintiff has appealed.[1]

The parties entered into a contract on August 2, 1979, whereby the plaintiff was to install a swimming pool. The defendant made two payments totalling $8750. In the middle of October, 1979, the plaintiff left

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

the job site because it had not received the final payment due under the contract or any payments for the additional labor and materials expended.

The defendant contested the necessity and reasonableness of the extra labor and materials used to complete the pool as well as the amount of work not completed when the plaintiff left the site. Furthermore, approximately three months after the plaintiff left the site, the defendant discovered cracks in the pool due to shifting.

The plaintiff claims that the trial court erred (1) in concluding that the plaintiff failed to prove its case by a preponderance of the evidence; (2) in concluding that the defendant was entitled to a return of his money; and (3) in failing to conclude that the defendant waived his right to the equitable relief of rescission.[2]

On appeal, the standard and scope of this court's judicial review involves a two part inquiry: "where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 678, 443 A.2d 486 (1982); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217,

---

[2] The trial court's award of damages to the defendant was premised on a breach of contract theory and the amount of the award was granted within its sound discretion. We, therefore, reject the plaintiff's claim regarding rescission since the trial court did not base the award of damages on that theory. See *Beckenstein* v. *Potter & Carrier, Inc.,* 191 Conn. 120, 132, 464 A.2d 6 (1983).

221–22, 435 A.2d 24 (1980). In essence, each of the plaintiff's claims address themselves to the lower court's findings and conclusions of law.

The trial court's conclusion that the plaintiff failed to sustain its burden was based on the credibility of the plaintiff's witnesses. The president of the plaintiff corporation testified that he informed the defendant of the need to fill the pool with water to prevent any shifting and cracking from occurring. He further testified that when the plaintiff's workers left the job site, a majority of the work had been completed in a workmanlike manner, and all the equipment and accessories necessary to finish the pool were left behind. All of his testimony was corroborated by the plaintiff's bookkeeper. The defendant, on the other hand, testified that the leaks in the pool were inevitable because of the method used by the plaintiff to pour the concrete. It was the defendant's contention that by the time a second pouring was made, the cement had hardened and would, therefore, not bind but would ultimately crack. The defendant consistently testified that the work was defective from the very start. The court found the plaintiff's witnesses to be unconvincing and the defendant the more credible witness.

Where there is conflicting testimony, we do not retry the facts or pass upon the credibility of the witnesses. *Dooley* v. *Leo,* 184 Conn. 583, 586, 440 A.2d 236 (1981). Weighing the evidence and judging the credibility of the witnesses is solely within the province of the trial court and this court will not usurp that role. *Edens* v. *Kole Construction Co.,* 188 Conn. 489, 495, 450 A.2d 1161 (1982); *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1981).

Moreover, based on the defendant's testimony, the trial court found that he had also proven by a preponderance of the evidence that he was entitled to the

return of his money. The court in the present case found that the pool was completely unusable on the defendant's property and not at all what he had bargained for. There was sufficient evidence presented for the court to find that the damages sustained by the defendant warranted the return of his money.

There is no error.

In this opinion the other judges concurred.