HOPE B. RUDEWICZ *v.* WALTER K. RUDEWICZ
(2468)

HULL, BARALL and PURTILL, Js.

Argued February 22—decision released May 7, 1985

*Wesley W. Horton,* with whom was *Louis Kiefer,* for the appellant (defendant).

*Sanford J. Plepler,* for the appellee (plaintiff).

BARALL, J. In this appeal from a judgment in an action for dissolution of marriage, the defendant claims the trial court erred in its valuation of property it permitted him to retain.

The trial court found that the thirty-three year old marriage had been a stormy one which, nevertheless, produced six children, now adults. The fifty-five year old plaintiff wife had been employed practically full time for the past fifteen years. The fifty-eight year old defendant had no steady employment during the last fifteen years, but engaged in activities from which he had a substantial income. The defendant had attempted fraudulently to dispose of the family home and had manipulated bank accounts using a deceased brother's name.

The trial court noted that it had considered all the criteria in § 46b-81 (c) of the General Statutes in ordering the family home to the wife and in ordering an escrow account to the wife as lump sum alimony, after payment of various fees from that account. Further in its memorandum, the trial court stated: "The property located in Windsor, Connecticut presently owned by the defendant, 55% and his brother Alex, 45% may remain as his property. The value of his share, approximately $60,000." It is this statement that forms the basis of the defendant's appeal.

The defendant claims that the only evidence on the value of the Windsor property would have suggested a maximum value of $80,000, and, therefore, the defendant's 55 percent share could not approximate $60,000. He claims further that the only support for the trial court's approximation was an appraisal report

that was not received in evidence. He argues that since the family home property was worth about $64,000 the trial court was balancing its real estate orders between the parties and, therefore, an error of valuation would affect its decision.

Although the defendant's assumptions as to the trial court's balancing intentions are not as clear as he might wish, this court need not reach that issue. The transcript of the trial reveals that the defendant's brother and co-owner of the Windsor property testified in response to a question from the defendant's counsel that they had placed the property on the market for $120,000 to $140,000.

Although this evidence was not mentioned in the defendant's brief, he now argues that an offer to sell real estate is neither admissible as to, nor probative of the real estate's value.

Most cases have held that an unaccepted offer is not admissible as evidence of its value. See *McDermott* v. *New Haven Redevelopment Agency,* 184 Conn. 444, 449, 440 A.2d 168 (1981); annot., 7 A.L.R.2d 781, 785. A number of cases have admitted such testimony, under appropriate circumstances, as an admission against interest. Annot., 7 A.L.R.2d 781, 814. Since the defendant introduced the evidence to which he now objects, we need not decide whether we should adopt the majority or minority view as to the admissibility of an offer to sell. A party may not secure a reversal of an error he induced. *State* v. *Ross,* 189 Conn. 42, 47, 454 A.2d 266 (1983); *Thompson* v. *Thompson,* 183 Conn. 96, 99, 438 A.2d 839 (1981).

Having induced the court to consider the evidence of the defendant's brother as to what the property was marketed for, and having failed to propose that it

should be considered only for a limited purpose, the defendant cannot claim that the court erred in using that testimony.

There is no error.

In this opinion the other judges concurred.