CHARLES MCCARTHY, JR. *v.* CITY OF BRIDGEPORT
(7885)

DUPONT, C. J., SPALLONE and BARNETT, Js.

Argued November 14, 1989—decision released May 1, 1990

*Benson A. Snaider,* for the appellant (plaintiff).

*John F. Fallon,* with whom, on the brief, were *Jay S. Kogan* and *Barbara J. O'Brien,* for the appellee (defendant).

BARNETT, J. This appeal arises from proceedings involving the condemnation of real estate. The plain-

tiff appeals from the judgment and order of a committee of state referees that reduced by $120,000 the amount of compensation the defendant owed as a result of a taking by eminent domain. The plaintiff raises two issues on appeal. One is that the committee failed to submit a detailed report to the Superior Court. The second is that the committee lacked jurisdiction to reduce the assessment of compensation. A third issue, although not separately claimed, is whether the committee was authorized to add interest, at the statutory rate, to the amount that the plaintiff was required to return because of the reduction in the assessment of compensation.

On September 9, 1987, the Bridgeport Economic Development Corporation acquired through eminent domain, as the condemning authority for the city, a parcel of land at 280-284 Fairfield Avenue and a second parcel at 286-288 Fairfield Avenue for a public project known as the Fairfield Avenue Development Project. The defendant submitted a statement of compensation to the Superior Court, appraising the combined worth of the parcels at $475,000. Pursuant to General Statutes § 8-130, the defendant deposited $475,000 with the clerk of the Superior Court for the use of the plaintiff, and the plaintiff withdrew the money on deposit. On September 18, 1987, however, the plaintiff applied to the Superior Court for a review of the statement of compensation pursuant to General Statutes § 8-132. Then on March 16, 1988, the plaintiff moved that the matter be referred, pursuant to General Statutes § 52-434a (b), to a committee of three state referees.

On August 17, 1988, the committee issued a memorandum of decision, ruling that the value of the two parcels was $355,000, and that the plaintiff had been overpaid in the amount of $120,000. The committee ordered the plaintiff to repay to the city the amount

of $120,000, plus 10 percent interest to accrue "from the date of the withdrawal of the money to the date of the repayment of the overage."

On November 17, 1988, the plaintiff filed in the Superior Court a motion to open and vacate the judgment of the committee. The motion was denied on February 17, 1989. The plaintiff filed this appeal on March 9, 1989.[1]

I

The plaintiff claims that he was deprived of his property without due process under the law, in violation of the fifth and fourteenth amendments to the constitution of the United States, because the committee rendered judgment in the case, instead of submitting to the Superior Court a report meeting the requirements of Practice Book § 434.[2] According to the plaintiff, General Statutes § 8-132[3] embodies a legislative mandate that such a report be submitted. The plaintiff's position is that the function of the committee was limited to the submission of a factfinding report for the Superior Court to accept or reject. In short, the plaintiff's due process argument is grounded on the supposition that only the Superior Court, and not the committee, had the power to render a judgment in the case.

---

[1] The defendant claimed that the plaintiff's appeal was untimely because it was not filed within twenty days from the issuance of the committee's memorandum of decision. Practice Book § 4009. The defendant, however, did not file a motion to dismiss and, therefore, the defect of untimeliness is deemed to have been waived. *Cardoza* v. *Zoning Commission,* 211 Conn. 78, 81 n.4, 557 A.2d 545 (1987); *Giordano Construction Co.* v. *Ross,* 182 Conn. 577, 579, 438 A.2d 772 (1980); *LaReau* v. *Reincke,* 158 Conn. 486, 493, 264 A.2d 576 (1969).

[2] Practice Book § 434 provides that reports of committees to the Superior Court shall state "in separate and consecutively numbered paragraphs, the facts found and the conclusions drawn therefrom."

[3] General Statutes § 8-132 provides in part that a state referee shall submit a report to the Superior Court containing "a detailed statement of findings by the referee, sufficient to enable the court to determine the considerations upon which the referee based his conclusions."

One requirement of due process is a tribunal with proper jurisdiction to render judgment. See *Marshall* v. *Clark,* 170 Conn. 199, 205, 365 A.2d 1202 (1976). We disagree, however, with the plaintiff's contention that his right to due process was violated because the committee lacked jurisdiction to decide this case. Under the law, as explained below, the committee consisting of state trial referees had the same powers as judges of the Superior Court. *Transportion Plaza Associates* v. *Powers,* 203 Conn. 364, 369, 526 A.2d 68 (1987). Among these powers is the ability to render judgment through a memorandum of decision. Practice Book § 4059.

The committee's power to render judgment derives from the fact that the committee consisted of three retired Superior Court judges, all of whom have been designated as state trial referees by the Chief Justice pursuant to General Statutes § 52-434 (a). The constitution of Connecticut, article fifth, § 6, as amended,[4] and General Statutes § 52-434 (a) make all retired Superior Court judges eligible for appointment as state referees. From among the eligible retired judges, appointments are made by the Chief Justice of the Supreme Court to the position of trial referee. General Statutes § 52-434 (a). Retired judges so appointed have been referred to as state constitutional referees. *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 499 n.1, 508 A.2d 415 (1986).

In any case referred to a state constitutional referee, article fifth, § 6, as amended, and General Statutes

[4] Article fifth, § 6, as amended by article eighth, § 2, of the amendments to the constitution of Connecticut, reads as follows: "No judge shall be eligible to hold his office after he shall arrive at the age of seventy years, except that a chief justice or judge of the supreme court, a judge of the superior court, or a judge of the court of common pleas, who has attained the age of seventy years and has become a state referee may exercise, as shall be prescribed by law, the powers of the superior court or court of common pleas on matters referred to him as a state referee."

§§ 52-434a (a) and 52-434b (a) authorize the referee to exercise all the powers of the referring court. A similar authorization is contained in Practice Book § 430. Three referees were required for the committee in this case because of the value placed on the property by the defendant. General Statutes § 52-434a (b) provides in part: "In condemnation proceedings in which the assessment fixed by the condemning authority exceeds the sum of two hundred thousand dollars the court may, at the request of either party, or on its own motion, refer the proceedings to the chief court administrator for referral to a committee of three such referees who, sitting together, shall hear and decide the matter."

The plaintiff is mistaken in his belief that General Statutes § 8-132 limited the committee in the present case to factfinding or that a report was required of the committee by Practice Book § 434. There is no conflict between § 8-132 and the sections that define the powers of a state constitutional referee. General Statutes § 52-434a (c) provides that the powers given to such referee, whether acting singly or as part of a committee, may be exercised notwithstanding contrary provisions of any general or special law. Moreover, in *McDermott* v. *New Haven Redevelopment Agency,* 184 Conn. 444, 446–47, 440 A.2d 168 (1981), the Supreme Court stated that the more formal requirements, established by Practice Book § 434 for reports in cases referred to committees, are not applicable when the reference is to a trial referee pursuant to Practice Book § 430. We, therefore, conclude that the committee did not err in rendering judgment through a memorandum of decision that satisfied the requirements of Practice Book § 4059. *McDermott* v. *New Haven Redevelopment Agency,* supra.

## II

The plaintiff's second claim is that the committee lacked jurisdiction to reduce the assessment of dam-

ages below the $475,000 deposited by the defendant. Part of this claim is based on the plaintiff's mistaken belief that the committee was limited to factfinding and that subsequent proceedings with respect to the judgment were to be determined by the Superior Court. See Practice Book §§ 442, 443.

Aside from what has already been said about the proper role of the committee, the plaintiff is also in error as to the function of a referee operating under the strictures of General Statutes § 8-132. The statute empowers the referee, after receiving evidence, to "revise such statement of compensation in such manner as he deems proper." The statutory language both permits and requires the referee to increase, decrease or leave unchanged the condemnor's assessment of damages as he finds proper from the law and evidence. *Research Associates, Inc.* v. *New Haven Redevelopment Agency,* 152 Conn. 137, 141, 204 A.2d 833 (1964); see *Transportation Plaza Associates* v. *Powers,* supra, 369–70.

### III

Remaining is the third issue, whether the committee was authorized to add interest to the $120,000 that it ordered the plaintiff to repay. The committee ordered that interest of 10 percent should run from the date of the withdrawal of the money deposited to the date of the repayment of the overage. Thus, the committee's order encompasses a repayment of prejudgment as well as postjudgment interest. The committee acting as a court had authority to award postjudgment interest at the legal rate. General Statutes § 37-3a; see *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 301, 308, 472 A.2d 316 (1984).

The sum of $120,000 became an obligation that the plaintiff had to repay as of the date of entry of the com-

mittee's judgment. We find, however, that the committee's award of prejudgment interest cannot stand.

Whether a condemnee should pay prejudgment interest when the final award is less than the amount deposited is a question of first impression in Connecticut. The issue has been considered in other jurisdictions, albeit rarely, over the years. We believe that the apparent majority view that the condemnee should not be responsible for prejudgment interest is the better rule. *St. Louis, Keokuk & Northwestern R. Co.* v. *Knapp-Stout & Co.,* 160 Mo. 396, 407, 61 S.W. 300 (1901); *State* v. *Pia Star Realty Co.,* 118 N.J. Super. 55, 64, 285 A.2d 581 (1971); *Matter of New York Elevated R. Co.,* 51 N.Y. 117, 118, 8 N.Y. St. Rep. 431 (1887); *Davidson* v. *County of Harris,* 454 S.W.2d 830, 833 (Tex. App. 1970).

Our agreement with the cited authorities is predicated upon several considerations. General Statutes § 37-3c provides for the recovery of interest by the condemnee, from the date of taking to the date of payment, on any sum awarded in excess of the amount deposited by the condemnor. There is no comparable provision authorizing the recovery of interest by the condemnor where the amount of the award is less than the deposit. The absence of such a statute has been construed as indicating a legislative intent that interest should not be added to the amount that the condemnee is required to return. *State* v. *Pia Star Realty Co.,* supra, 61. In Connecticut, the allowance of prejudgment interest as an element of damages is an equitable determination to be made by the court. Before awarding interest, however, the court must decide if money has been wrongfully detained. *West Haven Sound Development Corporation* v. *West Haven,* 207 Conn. 308, 321, 541 A.2d 858 (1988). The real question is whether, under the circumstances, there was a wrongful detention. *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 275, 287

A.2d 374 (1971). In the present case, the plaintiff did not owe the defendant anything until the committee issued its judgment.

The situation is not affected by the fact that the plaintiff withdrew the deposit. The withdrawal was statutorily permitted. General Statutes § 8-130. The right to take property by eminent domain is an extraordinary power. The defendant was compelled to deposit its money pending a decision on the amount to be paid, because General Statutes § 8-130 required it to do so. The subsequent judgment reducing the assessment of damages below the deposited amount should not be transmuted into a default on the part of the plaintiff. See *St. Louis, Keokuk & Northwestern R. Co.* v. *Knapp-Stout & Co.,* supra.

There is error only in the committee's award of prejudgment interest to the defendant, the judgment is set aside and the case is remanded with direction to render judgment as on file except as modified by this opinion.

In this opinion the other judges concurred.