[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION TERMINATE ALIMONY DATED SEPTEMBER 11, 1992 (NO. 183)
By judgment dated May 13, 1992 the court (Joseph L. Steinberg, J.) ordered alimony paid as follows:
"Defendant father shall pay plaintiff mother periodic alimony in the amount of $600.00 per week until . . . . cohabitation pursuant to statute. . . ."
Connecticut General Statutes 46b-86(b), typically referred to as the "cohabitation" statute, provides as follows:
"In an action for divorce, . . . . in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the superior court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce and terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."
General Statutes 46b-86(b) . . . . was enacted . . . . to "correct the injustice of making a party pay alimony when his or her ex-spouse is living with a person of the opposite sex, without marrying, to prevent the loss of support" H.B No. 6174, 1977 Sess. (Statement of Purpose). see Connolly vs. Connolly, 191 Conn. 468, 473, (1983).
The defendant, Stuart M. Sheiman, has filed a motion to terminate alimony, invoking the terms of the said judgment and Connecticut General Statutes 46b-86(b), claiming "the plaintiff mother as of the date of this motion and for a very substantial period of time prior hereto has been living in a circumstance of cohabitation within the meaning of 46b-86(b) of the Connecticut General Statutes in that she is living with a man out of wedlock and CT Page 3487 is enjoying a financial benefit from that arrangement.
. . . . Section 46b-86(b) `requires the party moving for modification to show that the party receiving alimony is living with another person' and that this living arrangement has caused a `change of circumstances `which' alters the `financial needs' of the party receiving alimony. General Statutes 46b-86(b). We note that the General Assembly chose the broader language of `living with another person' rather than `cohabitation' and that this provision requires only a `change' of circumstances not a `substantial change' as required by 46b-86(a).' We also note that even after the required factual showings the ultimate decision is still entrusted to the discretion of the trial court. General Statutes 46b-86(b). Kaplan v. Kaplan, 186 Conn. 387, 389 (1982).
Connecticut General Statutes 46b-86(b) requires a two pronged factual basis, both of which must occur in conjunction with each simultaneously i.e. 1) living with another person and 2) causing a change of circumstances which alters the financial needs of the party receiving alimony.
The parties have stipulated that the plaintiff is "living with another person". However, the court must determine when such "living with another person" commenced and whether such living arrangement caused a change of circumstances which alters the financial needs of the plaintiff herein.
It is the role of the trial court to assess the credibility of witnesses and to find the facts which the evidence supports. Dooley v. Leo, 184 Conn. 586, 583 (1981). Johnson v. Flammia, 169 Conn. 491, (1975).
The marriage of the parties hereto was dissolved on May 13, 1992. At the time of the dissolution, the plaintiff was living at 24 Garwood Road, Trumbull, Connecticut. However said residence was awarded to the defendant by virtue of the judgment dated May 13, 1992. The judgment awarded a condominum identified as 190 Mayfield Drive, Trumbull, Connecticut to the plaintiff. Said condominum was occupied by third parties at the time of the judgment but later became unoccupied and available to the plaintiff towards the end of June 1992.
Shortly after the entry of judgment, the defendant asserted his right to occupy the premises at 24 Garwood Road, Trumbull, Connecticut and the plaintiff vacated said premises. Upon her CT Page 3488 vacating said 24 Garwood Road, Trumbull, Connecticut she embarked on an odyssey of staying at various hotels and motels in the state of Connecticut. In addition, her odyssey took her to Cape Cod, Massachusetts, Florida and California. The plaintiff was accompanied by Edward Cheffetz during and throughout this odyssey. Edward Cheffetz is admittedly the "another person" the plaintiff is living with.
During the time the plaintiff and Edward Cheffetz traveled together and lived together prior to August 1992, the parties attempted to share expenses, although it appears that Edward Cheffetz paid and/or incurred a larger portion of said expenses. However the defendant has not sustained his burden of proving an altered financial need of the plaintiff for that period of time prior to August, 1992.
The plaintiff moved into 190 Mayfield Drive, Trumbull, Connecticut in the end of June 1992. Both the plaintiff and Edward Cheffetz testified that Edward Cheffetz moved into said 190 Mayfield Drive either the first or second week of August 1992. At this point in time, Edward Cheffetz had severed or terminated all previous business locations and other living accommodations. In fact on or about June 30, 1992, Edward Cheffetz filed a change of address with the U.S. Post Office requesting that all his mail be forwarded to 190 Mayfield Drive.
Edward Cheffetz lives and works at 190 Mayfield Drive and enjoys, uses and benefits from the amenities there. He has full and unrestricted use of the premises and its furnishings. He also has the use and enjoyment of all utilities including but not limited to heat, electricity, water, telephone, and presumably cable T.V. He also has the use and enjoyment of appliances including stove, refrigerator, washer, dryer etc. He may park his motor vehicle there. He also made some repairs, on a modest scale. He has all the pleasures of home. The pleasures of home, though require mortgage payments, condominum charges, insurance and real estate taxes. In addition he has his business of personal Computer Peripheral Corporation (P.C.P.C.) at 190 Mayfield Drive. He runs this business from a den in the condominum dedicated for the use of his business. In addition the plaintiff helps Edward Cheffetz with his business by answering the phone and taking messages and she also does some packaging for mailing. P.C.P.C provides the plaintiff with medical insurance and some life insurance.
The plaintiff and Edward Cheffetz do some grocery shopping CT Page 3489 together and share the cost of some groceries. He does cooking. Mr Cheffetz also provides transportation and chauffeur services for the plaintiff.
This living arrangement and accommodations that the plaintiff and Edward Cheffetz have established is a change in the plaintiff's circumstances which alters the financial needs of the plaintiff.
Any monies owing to either party as shown by said accounting schedule shall be paid over to that party entitled to such monies. In the event the parties are unable to agree on a manner, amount or schedule of payment(s) the court retains jurisdiction to resolve such issues upon motion of either party.
As regards the plaintiff's request for attorney fees, the court orders the defendant to pay to the plaintiff the sum of $2500.00 as an attorney fee, which sum shall be factored into the accounting schedule aforesaid. Said award of counsel fees is pursuant to Conn. General Statutes 46b-62, the criteria of 46b-82 and an examination of the financial affidavits filed by the respective parties.
JOHN W. MORAN, JUDGE