[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFICIENCY JUDGMENT
Trial of this issue began on January 22, 1993. It continued on March 12, 1993. In addition the court, with the parties and their attorneys, viewed all the mortgaged property. The last memorandum was received April 7, 1993.
The plaintiff seeks a deficiency judgment against the defendants in connection with the foreclosure of a first mortgage. The mortgaged real property consists of six unimproved residential building lots in an approved subdivision located on Deercliff Road in Avon, Connecticut and 19.536 acres of contiguous unimproved land in West Hartford, Connecticut. The mortgage also does not encumber some 6.922 acres in Avon which must be deeded to the Avon Land Trust as required by the Town of Avon grant of approval of the six-lot subdivision. The debt is $1,507,084.27.
On August 10, 1992, judgment of strict foreclosure was entered by the court and title became absolute in the plaintiff on September 3, 1992. On September 4, 1992, the plaintiff filed its Motion for Deficiency Judgment which is the subject matter before the court.
I. Law
Since 1833 "the right of a mortgagee to a deficiency judgment after strict foreclosure has always been coupled . . . with some provision for fixing the actual value of the property as of the date of the foreclosure, and for making that valuation a conclusive basis for determining the existence and amount of any claimed deficiency." Staples v. Hendrick, 89 Conn. 100, 103. The court's conclusions used "for fixing the actual value" must come as a result of proof CT Page 6884 provided to the court. New Haven Savings Bank West Haven Sound Development, 190 Conn. 60, 71-72. However, that proof may include the facts developed from the court's own view. Houston v. Highway Commissioner, 152 Conn. 557, 558.
Although in this action the court qualified both experts it "is not bound by the opinions of the experts." Gentile v. Ives, 159 Conn. 443.
II. Valuation
A. Six Lots
The plaintiff's appraiser valued the six lots at $660,000.00 or approximately $110,000.00 per lot. The defendants' appraiser found the market value of the lots to be $1,555,000.00. Both appraisers employed the Direct Sales Comparison approach to determine market value. Both appraisers utilized a variety of comparable sales.
The highest and best use of the property is for residential.
The most valuable of the six lots is #6 which is separated from and about 1400 feet south of the most southerly of five lots, which are contiguous. The fair market value of Lot 6 as of September 3, 1992 (valuation date) was $175,000.00.
On the valuation date, the fair market value of the other five lots was:
Lot 1: $138,000.00
Lot 2: 163,000.00
Lot 3: 152,000.00
Lot 4: 168,000.00
 Lot 5: 168,000.00 ---------- $789,000.00
B. West Hartford Land CT Page 6885
The real property in West Hartford has in large part been classified as wetlands. It has no direct access to a public road. Easterly of those wetlands the property rises sharply at a height of some 60 to 70 feet. The defendants' real estate appraiser thought the property essentially lacking in value that he suggested giving it away. The court has studied the typographic maps, heard the testimony and viewed the property in the field.
Those West Hartford acres had a fair market value of $30,000.00 on the valuation date.
The total fair market value for all the foreclosed property on the valuation date was $994,000.00. Thus, the deficiency judgment shall enter for $513,074.27.
N. O'Neill, J.