[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 11, 1989 the New Haven Redevelopment Agency filed a "Statement of Compensation" (Statement) taking in condemnation the real estate allegedly owned by the plaintiffs Angelo Anastasopoulos and his wife, Maria Anastasopoulos. Said property was located at #8 Orange Street, New Haven,
In addition, the Statement recited a number of encumbrances among which was a lease from these plaintiffs to Angelika Papagorgiou who, without objection after motion filed, was allowed to intervene in this action as a party plaintiff (Intervenor). The Intervenor sued the original plaintiffs in a separate action entitled Angelika Papagorgiou v. Angelo Anastasopoulos, et al", file No. 0259459S. A decision was rendered by the Court (Schaller, J.) on June 13, 1991. This judgment was appealed and decided by the Appellate Court on September 15, 1992 in 29 Conn. App. 142. This CT Page 7061 judgment of the Appellate Court sustained the Intervenor's position as the party to receive the value of the property at the time of taking, less the option price of $90,000 contained in the lease that was litigated in the action between the Intervenor and the other plaintiffs. The Appellate Court further determined that damages totalling $17,800, as found by Judge Schaller, were due the intervenor and should be paid from the $90,000. Thus, Anastasopoulos, et al would be entitled to $90,000 less $17,800, which would be added to whatever sum the Intervenor would be entitled to recover as the new owner of the property condemned. This would be based on the value of the property at the time of taking less the option price.
A further hearing was conducted by the undersigned to establish the value of the property. Mr. Louis E. Durocher of Hamden, Connecticut, appeared and testified that he had served as a full time real estate appraiser for some twenty-six years. He was licensed by the State of Connecticut and he further testified to his background, experience as an appraiser and other appearances in court. There was no challenge made and he was therefore found duly qualified. He was able to inspect the building on July 22, 188 [1988] with the exception of the first floor. This first floor was occupied by the Intervenor who was operating a restaurant business which was open to the public at the time. On October 5, 1992 he was able to inspect the entire building.
Mr. Durocher testified in detail as to his examination of the building as well as to the various methods used in his profession to arrive at the value of the property. These included reproduction costs with wear and tear and depreciation considered; comparable sales approach and income capitalization approach. His original date of valuation was July 26, 1988, approximately one year prior to filing by the New Haven Redevelopment Agency of the Statement. He further testified that he had updated his appraisal of the property on September 11, 1989 and the value remained the same at $130,000. The testimony of Mr. Durocher as to the value of the property is accepted by the undersigned.
Accordingly, a finding is made that on the taking date the fair market value of this real estate amounted to the sum of $130,000. This matter came to the undersigned long after the City of New Haven had commenced operations in the redevelopment area. Consequently, although the undersigned went to the vicinity of the property in question, a viewing to determine value was impossible as a result of the state of demolition of that property and others CT Page 7062 in the immediate vicinity.
In keeping with the decision of the Appellate Court, Mr. and Mrs. Angelo Anastasopoulos are to be paid the sum of $90,000 less damages due the Intervenor of $17,800, or $72,200. See Papagorgiouv. Anastasopoulos, 29 Conn. App. 142, 148 (1992).
On March 12, 1992 the Intervenor filed a motion entitled "Motion For Order To Enter In Favor Of Plaintiff In Accordance With The Order Of The Appellate Court." The motion, in the body thereof in pertinent part, requested the court to declare her the rightful owner of the property herein litigated. The file reveals that this motion was granted by the Court (DeMayo, J.) on March 23, 1992.
The foregoing paragraph has been inserted in view of the former plaintiff's motion filed on April 13, 1994 entitled "Motion For Payment Of Deposit." The same party later, on May 19, 1994, filed a pleading entitled "Notice Of Intent To Argue." This was refered [referred] to the undersigned by the Court (Fracasse, J.) on July 5, 1994. This will be assigned for a hearing, if requested, again, upon a date mutually acceptable to the parties and submitted to the undersigned.
The new plaintiff is Angelika Koustandinitis, formerly Angelika Papagorgiou. It is ordered that the sum of $40,000 plus $17,800, or $57,800 and costs be paid to her by the defendant. SeePapagorgiou v. Anastasopoulos, 29 Conn. App. 142, 148 (1992).
There has been no increase in the amount of the original taking price. Accordingly, no interest is awarded as per § 8-130 of the Conn. Gen. Statutes (Jan. '93 Rev.) which recites in pertinent part as follows: "Interest shall not be allowed in any judgment on so much of the amount as has been deposited in court." See also, McCarthy v. Bridgeport, 21 Conn. App. 359, 365 (1990).
John Ottaviano, Jr. State Trial Referee