[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
This matter comes before the court as a hearing on a request for a prejudgment remedy for a real estate attachment on the CT Page 6756 defendant, Kenneth Wein's, property in the amount of $142,000. Plaintiff seeks to secure the judgment which may be rendered on his complaint in which he seeks money damages for: 1) breach of contract; 2) breach of fiduciary obligation; 3) violation, as a director, of Connecticut General Statutes Section 33-313-313, et seq.; and 4) violation of CUTPA. The proposed complaint also requests punitive damages, reasonable attorneys' fees, interest and costs. No application for a prejudgment remedy was made against the defendant Lorraine V. Warner, and all references herein to the "defendant" are to the defendant Kenneth S. Wein.
The plaintiff and defendant had known each other for twenty years. In 1993, talks commenced regarding the possibility of the plaintiff coming to work for the defendant's firm, A 2 Z Medical Supply, Inc. ("A2Z") The plaintiff began working on a part-time basis, and eventually full-time for the company. The parties soon began to talk about the defendant selling the plaintiff an interest in the corporation, and it was orally agreed that the plaintiff would purchase 49% of the stock of the company for the price of $70,000. The defendant's attorney was instructed by the defendant to prepare documents to memorialize the understanding, and the attorney prepared a $70,000 note, a stock pledge agreement, and a stock certificate. The parties dispute why the plaintiff did not sign the papers, plaintiff claiming they were simply too complex for the transaction, and the defendant testifying that the plaintiff did not want to sign the promissory note.
In any event, the parties did not execute these documents, and the plaintiff himself prepared a contract. The plaintiff claims that contract is a two-page document with a third page containing signatures of the parties and their wives, and notary signatures (plaintiff's exhibit 1). The defendant claims that the purported signature on page 2 of the contract is not his, and that this page was not a part of the original document, which was a one page affair to which the notary page was attached. The defendant claims the one page document was a memorandum of understanding, but the evidence is insufficient to demonstrate whether that single page was the same as appears as page one on the plaintiff's exhibit 1.
Plaintiff's exhibit 1 is a purported "letter of agreement" dated July 25, 1994 in which the parties agree that the plaintiff is to receive "a 49% interest in the ownership of the company, said interest to have a value of $70,000." The price was to be CT Page 6757 paid, interest free, "out of Kusek's share of profits (to be defined) from the company" over a ten year period. If the $70,000 was not paid within the said ten year period, the balance would bear interest at the rate of 7% per annum. The term of this obligation to pay the remaining balance is not set forth. As security for the payment of the purchase price, the defendant was to hold the shares representing the 49% interest in escrow, to be paid over to the plaintiff in "approximate numbers" as the plaintiff paid down the balance due.
The agreement also called for the plaintiff to receive a weekly salary for his duties and responsibilities for the "day to day" operation of the company in the amount of $500. In the agreement, the defendant also agrees not to "sell, transfer or otherwise encumber the company without the plaintiff's prior approval", and also granted the plaintiff "first option to buy and first right of refusal to buy part or all of Wein's interest in the company". Further, the plaintiff was given the right to acquire 51% of the company if the defendant elected to sell his remaining shares. The agreement was made "subject to verification of the company's financial statements, any/all agreements and/or contracts with vendors, suppliers, financial institutions or individuals".
In February 1995, it came to light that the defendant had intentions to sell a 50% interest in the company to the defendant, Lorraine Warner. Contracts were prepared for said sale but never executed. In early March 1995, according to the plaintiff's testimony the defendant told the plaintiff that "this is not going to work out". Plaintiff believed that the defendant wanted him out of the company, and the plaintiff left the employment of A2Z immediately.
The defendant raises the following defenses to the application for a prejudgment remedy: (1) that the document purported to be the letter of agreement (plaintiff's exhibit 1) is not genuine; that he never signed page 2 thereof, and that the original document to which the notary page was attached consisted of a single page; (2) the document, if genuine, would not constitute a contract because a). all the terms are not included, being left for future negotiation; b). there is no maturity date for payment of the plaintiff's obligations, and c). that there is a lack of mutuality of contract; (3) that if there is a valid contract it has not been breached by the defendant; (4) that the plaintiff produced no evidence of any damages under CT Page 6758 the settled rules of damages for breach of contract, and (5) the plaintiff presented no proof that the property is not exempt under Connecticut General Statutes § 552-278d(a)(3).
The circumstances under which a prejudgment remedy may be granted, after a hearing, are governed by Connecticut General Statutes § 52-278d(a).[1]
To establish probable cause under the statute, a plaintiff must show that there is probable cause that a judgment in the amount of the prejudgment remedy sought will be rendered in favor of the plaintiff.[2] The concept of probable cause involves abonafide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. New England Land Company, Ltd. v. DeMarkey,213 Conn. 612, 620, 569 A.2d 1098 (1990); Wall v. Toomey, 52 Conn. 35,36 (1884).
The plaintiff contends that he has proven sufficient facts to enable the court to find probable cause that a judgment will be rendered in his favor. This the court cannot do, because the plaintiff has failed to show evidence of damages under any recognized rule of damages for breach of contract actions. The measure of damages is the amount necessary to put the plaintiff in the same position as he would have been in if the defendant had met its contractual obligations. Dooley v. Leo, 184 Conn. 583,587, 440 A.2d 236 (1981). In undertaking the probable cause analysis under our prejudgment remedy statute, a court is required to consider the amount being sought. Union Trust Co. v.Heggelund, 219 Conn. 620, 594 A.2d 464 (1991); LedgebrookCondominium Assn. Inc. v. Lusk Corporation, 172 Conn. 577, 585,376 A.2d 60 (1977).
It is to be noted that the underlying action here is upon a breach of contract. It is neither a request for a temporary or permanent injunction prohibiting the defendant from selling or transferring the stock in the subject company, nor is it a claim for damages for wrongful termination under a written employment contract. The plaintiff seeks a $142,000 real estate attachment for breach of contract but presented no evidence of his legal damages which by rule must be limited to receiving the benefits of his bargain. There is no evidence of the value of the stock, now or in the future, beyond that which he alleges he agreed to pay. To award money damages for breach of contract in this case CT Page 6759 would place the plaintiff in a better position than if the purported contract had not been breached.
Because the plaintiff has failed to present any evidence as to damages, he has failed to demonstrate probable cause that a judgment would be rendered in his favor.
For the above reason, it is unnecessary for the court to consider the other issues raised by the parties. The application for prejudgment remedy is denied.
So Ordered.
D'ANDREA, J.