STATE OF CONNECTICUT *v.* RAMON SANCHEZ
(8772)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued March 19—decision released June 11, 1991

*Laurence P. Nadel,* public defender, for the appellant (defendant).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *John Bailey,* state's attorney, and *Paul Murray,* assistant state's attorney, for the appellee (state).

FOTI, J. The defendant, Ramon Sanchez, who is also known as Rafael Sanchez, appeals from the judgment of conviction, rendered after a jury trial, of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a), sale of narcotics in violation of General Statutes § 21a-277 (a), the use of a person under eighteen years of age to violate General Statutes § 21a-277 in violation of General Statutes § 21a-278a (c), and conspiracy to sell narcotics in violation of General Statutes §§ 21a-277 (a) and 53a-48 (a).[1] He claims that the trial court improperly admitted a deposition into evidence.

The jury reasonably could have found the following facts. On September 22, 1988, at approximately 7:30 a.m., two Hartford police department detectives began surveillance of Park and Wolcott Streets because they had received information of suspected drug trafficking in that area. They were dressed in plain clothes and in a parked unmarked car on Wolcott Street approximately 100 yards from Park Street. For approximately thirty minutes, they observed several known narcotics

---

[1] Following the jury verdict, the defendant entered a plea of guilty to a part B information charging him with being a persistent offender.

users approach the defendant and another man standing together on Park Street. In each instance, after a brief conversation the parties would walk to a vehicle parked across the street and exchange money and objects with a young girl in the car. The detectives observed seven to twelve of these transactions during their thirty minute surveillance. On the basis of their training and experience, they concluded that these transactions involved the sale of narcotics.

After arresting the two men, the detectives approached the automobile and observed a young female, who appeared to be thirteen or fourteen years old, in the back seat. After removing her from the car, the detectives found two packets containing white powder on the seat, money on the floor and thirteen packets of white powder under the seat. The packets were subsequently found to contain cocaine and heroin.

The young female, E, was turned over to the juvenile authorities because she was thirteen years of age. Prior to her release from juvenile custody, E was deposed by the state's attorney's office due to her impending departure for Puerto Rico. Upon her release two days later, she immediately left for Puerto Rico.

Because E was unavailable, the state requested and was allowed to admit her deposition into evidence at the defendant's trial. The defendant claims that the trial court should not have allowed the deposition of E into evidence because the state had failed to prove that the witness was unavailable,[2] that there was no finding that the minor deponent was competent, and that the Spanish interpreter of the deponent had not been sworn.

---

[2] The defendant has not claimed on appeal that the statement was neither relevant, nor reliable or trustworthy, but rather only that the evidence should have been excluded because the state's failure to make diligent efforts to secure E's attendance at trial violated his confrontation rights under the United States and Connecticut constitutions.

A deposition may be used as evidence at trial if the deponent is unavailable. Practice Book § 793. "Unavailability" is defined in Practice Book § 803 under subsection (5) to include a situation in which a deponent is absent from the trial or hearing and the party seeking to have the deposition admitted shows that he has been unable to procure the witness' attendance by subpoena or by other reasonable means. The sufficiency of the showing as to the unavailability of the witness is a question addressed to the discretion of the trial court. *State* v. *Weinrib,* 140 Conn. 247, 252, 99 A.2d 145 (1953); *State* v. *Summerville,* 13 Conn. App. 175, 180, 535 A.2d 818 (1988). On appeal, the trial court's rulings on the admissibility of evidence are accorded great deference and will be disturbed only upon a showing of clear abuse of discretion. *State* v. *Erhardt,* 17 Conn. App. 359, 367, 553 A.2d 188 (1989).

The party moving for admission of a statement of an unavailable witness has the burden of proving the declarant's unavailability. *State* v. *Frye,* 182 Conn. 476, 481, 438 A.2d 735 (1980). The mere assertion that a witness cannot be found does not amount to a good faith effort. *State* v. *Summerville,* supra, 181. In the absence of the jury, the state presented evidence of the following unsuccessful efforts to locate E in order to demonstrate that E was not available. The state contacted an investigator for the juvenile court from the public defender's office and also a juvenile division probation officer in an attempt to locate E. The investigator was unsuccessful in attempting to contact E's grandmother in Springfield, Massachusetts, by telephone and through the welfare office. The probation office had no information regarding E's whereabouts. The probation department was ordered by the juvenile court to transport E to the airport for return to Puerto Rico upon her release and her juvenile record disclosed no means of locating her. Even the investigation stem-

ming from information presented by the defendant to the state as to E's whereabouts proved fruitless. The court also determined that the state's stated reason for deposing E was the probable unavailability of her testimony at trial, and the defendant did not object to that procedure.

The court found that the state had acted reasonably[3] in attempting to secure E's appearance, and that, since E was found to be unavailable, her deposition was admissible. The facts found and the conclusions drawn were rational, logical and reasonable. The defendant has, therefore, failed to show an abuse of discretion in the trial court.

The defendant next claims that E's deposition should not have been admitted as evidence because E had not been determined to be competent. At the time of the deposition, E was thirteen years old. The defendant did not object to her testimony on competency grounds until the state sought to admit the deposition at trial. He now argues that he had no burden to object at the time the deposition was taken. The trial court held that the defendant had waived the objection by not claiming it at the time of the deposition.[4] We agree.

---

[3] Although Practice Book § 803 (5) requires a finding that the state showed that it was unable to "procure [E's] attendance by subpoena or by other reasonable means" the defendant argues that a different standard is required. The defendant argues that the court must find that the state used reasonable diligence to produce the witness before it can find that she was unavailable. This standard is a paraphrase from *Barber* v. *Page*, 390 U.S. 719, 720, 88 S. Ct. 1318, 20 L. Ed. 2d 255 (1968), and was formulated in C. Tait & J. LaPlante, Connecticut Evidence (2d Ed.) § 11.3.2. The defendant argues that reasonable diligence is both the correct standard, and much higher than the one provided in our rules of practice. Notwithstanding the defendant's attempts to shade the word diligence with connotations from other areas of the law, we find that any differences between the standard required by the United States Supreme Court and the one provided by our rules of practice are purely semantic and devoid of any significance.

[4] The trial court also, after examining the deposition, held that there was nothing in the deposition itself to indicate that E was incompetent.

" 'The incompetency of a witness is determined at the time [she] is offered, or, if the ground of incompetency is discovered during the trial, upon objection promptly made at that time.'. . .'' *Manning* v. *Michael,* 188 Conn. 607, 610, 452 A.2d 1157 (1982), quoting 81 Am. Jur. 2d, Witnesses § 139, p. 180. Challenges to competency must be made when the witness is first sworn if the grounds are then known, otherwise as soon as the grounds became evident. C. Tait & J. LaPlante, Connecticut Evidence (2d Ed.) § 7.11, p. 158.

"In Connecticut, the examination to determine the competency of a witness is usually conducted by counsel under direction of the court, except insofar as the court may find it advisable to intervene. See *State* v. *Orlando,* 115 Conn. 672, 676, 163 A. 256 (1932)." *State* v. *Paolella,* 211 Conn. 672, 688, 561 A.2d 111 (1989).

Although it is true that children, unlike adults, are not presumed to be competent, they are, nevertheless, not presumed to be incompetent. See General Statutes § 54-86h; *State* v. *James,* 211 Conn. 555, 563–65, 560 A.2d 426 (1989).

The defendant had an opportunity to object to E's competency at her deposition. Having failed to do so, he cannot attempt to undertake a competency determination at trial because E is no longer available. This is a situation that the defendant should have anticipated because it was the stated purpose for the deposition. Nor can the defendant point to anything on the record that indicates E's incompetence as a witness. Accordingly, by failing to object to E's testimony at the time of the deposition, the defendant has waived his right to object on the basis of competency to the admission of E's deposition at trial.

Lastly, the defendant argues that the deposition should not have been admitted because the record does not disclose whether the interpreter took the inter-

preter's oath at the deposition when he translated Spanish and English. The defendant did not object at the time of the deposition, but did object, for the first time, at trial.

In the absence of the jury, Antonio Salazar, the official court interpreter who interpreted for E, testified that the interpreter's oath, General Statutes § 1-25, had been administered to him on several occasions, and is readministered to him approximately twice per year. Although he does not take this oath each time he appears in court, he considers himself bound by the oath each time he interprets at a legal proceeding, including the deposition in question. He testified that he had made a fair and accurate interpretation of the literal meaning of what was said by all parties involved in this deposition.

The trial court found that the defendant had waived any objection by not raising a challenge at the time of the deposition, and that Salazar had complied with the spirit of the law.

Even the failure to swear a witness that may occur either by knowing silence or by the mere failure to notice the omission may be waived. See *State* v. *Paolella*, supra, 687–88. If the defendant wanted to raise this issue, he should have done it at the taking of the deposition when a defect of this nature could have been remedied. In failing to raise this issue at the time of the deposition, the defendant waived his right to object to the omission of the interpreter's oath. We cannot conclude that the failure to administer the interpreter's oath at the deposition resulted in any manifest injustice in this case. In light of this waiver, we need not address the state's claim that the interpreter's oath is a continuing oath, and is not required to be readministered for every legal proceeding.

The judgment is affirmed.

In this opinion the other judges concurred.