GUS PELARINOS *v.* GENEVIEVE HENDERSON ET AL.
(12218)

LAVERY, HEIMAN and SCHALLER, Js.

Argued March 24—decision released June 21, 1994

*William F. Gallagher,* with whom, on the brief, was *Mark R. Leder,* for the appellants (defendants).

*Eliot B. Gersten,* with whom, on the brief, was *Andrea A. Hewitt,* for the appellee (plaintiff).

LAVERY, J. The sole issue in this appeal from a suit to enforce two promissory notes is whether the trial

court properly excluded the deposition testimony of the defendant Donald Henderson, husband of the defendant Genevieve Henderson. The defendants assert that the trial court abused its discretion when it refused to admit the deposition pursuant to Practice Book § 248 (1) (d). We agree.

The defendants purchased commercial property from the plaintiff, Gus Pelarinos, in 1988. The defendants executed two promissory notes in favor of the plaintiff totaling $230,000. In addition to the defendants' personal obligation, the notes were secured by the commercial property. After the defendants defaulted on the notes in the fall of 1989, the plaintiff commenced suit for breach of contract.

The defendants filed a special defense, claiming fraudulent misrepresentation. The defendants alleged that they had been induced to sign the notes by the plaintiff's oral promise that, if they defaulted, he would seek satisfaction solely from the secured commercial property, not their personal guarantee. The plaintiff denied the allegation.

At trial, Genevieve Henderson testified to the facts contained in the special defense. She also testified that Donald Henderson was incarcerated in federal prison in Pennsylvania. The plaintiff's testimony contradicted Genevieve Henderson's assertions and was corroborated by the testimony of an attorney who represented the defendants in the transaction. Although Genevieve Henderson had testified that her daughter and another former attorney could corroborate her claims, the defendants called neither as a witness. The adverse inference permitted to be drawn from these missing witnesses also strengthened the plaintiff's case. See *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 (1960).

On the basis of the uncontroverted evidence that Donald Henderson was in prison, the defendants offered his testimony recorded at a deposition noticed and taken by the plaintiff, pursuant to Practice Book § 248 (1) (d).[1] The plaintiff objected that the defendants had not demonstrated sufficient attempts to obtain Donald Henderson's presence at trial. Further, the plaintiff complained that he had not been notified of the defendants' intention to offer the deposition until two days before trial. The trial court excluded the deposition testimony on these grounds. Subsequently, the jury returned a verdict for the plaintiff.

Practice Book § 248 (1) (d) (3) permits a party to offer a deposition into evidence if the court finds that the deponent is unable to attend or testify because of imprisonment. Once this requirement is satisfied, the deposition is admissible to the same extent as if the deponent were present and testifying. Practice Book § 248 (1). Admission of a deposition under this rule does not preclude the opponent from objecting to the deposition or any part thereof on grounds that would require the exclusion of the evidence if the deponent testified in court. Practice Book § 248 (2); *Souper Spud, Inc.* v. *Aetna Casualty & Surety Co.,* 5 Conn. App. 579, 582–83, 501 A.2d 1214 (1985), cert. denied, 198 Conn. 803, 503 A.2d 172 (1986).

"The admissibility of a deposition into evidence under Practice Book § 248 is permissive in nature, leaving the ultimate determination to the trial judge. . . . On appeal, the trial court's rulings on the admissibility of evidence are accorded great deference . . . [and] will be disturbed only upon a showing of clear abuse of discretion. . . . The party making the claim of error has

---

[1] Practice Book § 248 (1) (d) provides in pertinent part: "The deposition of a witness . . . whether or not a party, may be used by any party for any purpose if the court finds . . . 3. that the witness is unable to attend or testify because of . . . imprisonment . . . ."

the burden of showing that the court clearly abused its discretion." (Citations omitted; internal quotation marks omitted.) *Cahn* v. *Cahn,* 225 Conn. 666, 678, 626 A.2d 296 (1993).

The trial court had evidence before it that Donald Henderson was incarcerated in Pennsylvania. The plaintiff did not contest that Henderson was incarcerated. Notwithstanding this uncontroverted evidence, the trial court refused to receive the deposition under § 248 (1) (d).

The trial court found that the defendants had not satisfied the requirements of § 248. The court required the defendants to show that they had attempted to obtain Donald Henderson's presence at trial. Section 248 requires no such showing. The rule simply states that if the court finds that the witness is unable to attend the trial because of imprisonment, then any party may use the deposition for any purpose. The plaintiff suggests that the text requires the court to find, first, that the witness is imprisoned and, second, that the witness is unable to attend the trial. Such a reading imposes on the offering party a duty to demonstrate good faith efforts to obtain the witness' presence. We cannot read such a requirement in the phrase "unable to attend."

Where the rules of practice intend that good faith efforts be made before a deposition can be admitted, they expressly require such a showing. Thus, a deposition of an absent witness is admissible in a criminal trial if the proponent of the deposition "has been unable to procure [the witness'] attendance by subpoena or by other reasonable means." Practice Book § 803; see also Practice Book § 793; *State* v. *Sanchez,* 25 Conn. App. 21, 24, 592 A.2d 413 (1991).

Section 248 (1) (d) (3) of our Practice Book is almost identical to rule 32 (a) (3) of the Federal Rules of Civil

Procedure.[2] Where a state rule is similar to a federal rule we review the federal case law to assist our interpretation of our rule. *Arduini* v. *Automobile Ins. Co. of Hartford,* 23 Conn. App. 585, 589, 583 A.2d 152 (1990). In this instance, our review of federal cases supports our conclusion. In *In re Moore,* 39 B.R. 571, 572 (M.D. Fla. 1984), the defendant argued that "in addition to showing the undisputed fact of the witness' imprisonment at the time of the trial, the defendant must show unavailability on account of imprisonment, i.e., that he tried and failed to produce the witness through use of a habeas corpus proceeding . . . ." The court characterized this argument as frivolous. Id. "There is some theoretical means by which virtually any living witness, however restricted in movement, might, with sufficient effort and expense, attend a trial. There is no basis for a belief that the rule requires extraordinary effort to establish unavailability." Id.; see also *United States* v. *M/V Christy Lee,* 640 F. Sup. 667, 668 (S.D. Fla. 1986) (noting that imprisonment makes deposition admissible without reference to good faith attempts to obtain witness' presence). Likewise, we conclude that § 248 (1) (d) (3) does not require a showing of good faith efforts to obtain the witness' presence.

Similarly, § 248 (1) (d) has no notice requirement. To the extent that the trial court based its ruling on Genevieve Henderson's tardy notice, it imposed a condition not inherent in, or envisioned by, the rule. Thus, the trial court's ruling contravened the only evidence before it and was based on two conditions not required by the rule. We conclude, therefore, that the trial court abused its discretion when it excluded Donald Henderson's deposition testimony.

[2] Rule 32 (a) (3) of the Federal Rules of Civil Procedure provides in part: "The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds . . . (C) that the witness is unable to attend or testify because of . . . imprisonment . . . ."

"We have often stated [however] that before a party is entitled to a new trial because of an erroneous evidentiary ruling, he or she has the burden of demonstrating that the error was harmful. . . . When determining that issue in a civil case, the standard to be used is whether the erroneous ruling 'would likely affect the result. . . . The determination of that question lies in the record.' " *Swenson* v. *Sawoska,* 215 Conn. 148, 153, 575 A.2d 206 (1990).

The defendants had the burden of proving their special defense of fraudulent misrepresentation by clear and convincing evidence. Genevieve Henderson testified that the plaintiff had induced the defendants to sign the notes by promising that he would seek satisfaction of the notes solely from the commercial property. Conversely, the plaintiff denied making any such representations. The plaintiff's testimony was corroborated by testimony of the defendants' attorney, and the adverse inference permitted to be drawn from the defendants' failure to produce two potentially corroborating witnesses. Thus, by preventing Donald Henderson from testifying, the trial court prevented the jury from hearing corroborating testimony from one of only three potential sources. In light of these facts, we conclude that the trial court's exclusion of the deposition was likely to affect the result.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.