[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION FOR SUMMARY JUDGMENT (#124)
The defendant moves for summary judgment in this action to recover for breach of a contract to maintain video games in a bar, on the ground (1) that the contract is unenforceable because it was induced by fraud, (2) that the contract is unenforceable because of the statute of frauds, and (3) that the contract is unenforceable because it was not recorded as a land deed.
The following facts are pertinent to a consideration of this motion:
On August 12, 1994, the plaintiff, Park City Amusements, Inc., filed a two count[1] amended complaint against the defendant, Frog Pond, Inc.[2] Count one alleges that in November, 1992, the plaintiff displayed to the defendant the terms of a contract. This contract called for the plaintiff to place two game machines and a vending machine at the defendant's establishment for a set period of time. The defendant agreed to allow the machines for six months. After that time, the defendant breached the agreement when it ordered the plaintiff to remove its machines.
On December 9, 1994, the defendant filed a motion for summary judgment on count one. The defendant filed a memorandum of law in support. The defendant also filed various affidavits and exhibits to its memorandum of law.[3] The plaintiff filed a memorandum of law in opposition, which is dated December 28, 1994 and attached thereto, numerous affidavits.[4]
If the non-moving party does not contest the facts in the moving party's affidavit, "the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 11-12, 459 A.2d 115 (1983). See also Hetkowski v. Aetna Life and Casualty Co., 224 Conn. 145,149, 617 A.2d 451 (1992).
In its memorandum of law, the defendant submits additional documentation that present the following facts, which it claims are undisputed. On August 14, 1992, the defendant purchased a bar/restaurant known as "The Frog Pond" (bar) from Richard F. CT Page 1450 Lebski, Inc. The sale agreement[5] stated explicitly that the bar's former owner had "entered into no contract to sell or mortgage or lease [his or her] business, or any portion or personal property thereof."
After the defendant's incorporators had bought the bar, it learned that the plaintiff had several coin-operated machines on the bar's premises. According to John Miranda's affidavit (Exhibit A), Park City Amusements advised him that it had entered into a five year lease with the bar's former owner and that it intended to enforce the lease against the new owners. The court must note that none of the affidavits that the plaintiff submitted refer to this lease. Further, none of the plaintiff's affidavits deny that Park City Amusements, Inc. threatened to enforce the lease.
The plaintiff's and defendant's affidavits agree that the parties met to resolve their differences. The affidavits also agree that the parties agreed that for six months the plaintiff could keep its machines on the defendant's premises. The latest date that the affidavits suggest for this meeting is December, 1993. Miranda's affidavit states that he did not assent to the terms of the lease that the plaintiff suggests it had with the bar's former owner. The plaintiff's affidavits do not refer to this lease.
The defendant submitted an affidavit of Richard F. Lebski who is the president of Richard F. Lebski, Inc., which owned the bar before selling it to John Miranda, Olga Miranda and Lucy DeFigueriedo. Lebski states in the affidavit that he never signed the lease that Park City Amusements displayed to Miranda. This affidavit is not contested.[6]
Practice Book § 384 provides that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994). The moving party bears "the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Id. A material fact is one that will make a difference in the outcome of the case. Yanow v.Teal Industries Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979). CT Page 1451 When reviewing the evidence presented by the parties, "the trial court must view the evidence in the light most favorable to the nonmoving party." Lees v. Middlesex Insurance Co., 229 Conn. 842,849-50, ___ A.2d ___ (1994).
"`It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.'" State v. Goggin,208 Conn. 606, 619, 549 A.2d 250 (1988), quoting United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 376, 260 A.2d 596
(1969). Nevertheless, the Connecticut Supreme Court has "also held . . . that even with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." Wadia Enterprises Inc. v. Hirshfield,224 Conn. 240, 250, 618 A.2d 506 (1992).
The defendant proposes three reasons for granting it summary judgment.[7] First, the plaintiff fraudulently induced the defendant into agreeing to the oral contract, which permitted the plaintiff to place its machines in the bar for six months. Second, the plaintiff cannot rely on an oral lease because oral leases are unenforceable as a matter of law because of the statute of frauds, General Statutes § 52-550. Third, the plaintiff cannot rely on an oral lease because oral leases are unenforceable as a matter of law because of General Statutes § 47-19.
In its memorandum of law in opposition, the plaintiff argues that a genuine issue of material fact exists as to the terms of the oral agreement between the plaintiff and defendant. The plaintiff further argues that the statute of frauds does not apply because the agreement has been partially performed. Finally, the plaintiff argues that General Statutes § 47-19
does not apply because the plaintiff does not claim that there is a lease of an interest in real estate.
A. Fraudulent inducement
The defendant argues that the contract is not enforceable because it was fraudulently induced into entering the contract. The plaintiff contends that a genuine issue of material fact exists as to the terms of the oral agreement between the plaintiff and the defendant. CT Page 1452
"The essential elements of [a special defense of] fraud . . . are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury."First Charter National Bank v. Ross, 29 Conn. App. 667, 670,617 A.2d 909 (1992), appeal dismissed, 228 Conn. 203, 635 A.2d 796
(1994). The defendant must prove its special defense by clear and convincing evidence. Pelarinos v. Henderson, 34 Conn. App. 726,731, 643 A.2d 894 (1994).
The affidavits from the plaintiff discuss the agreement between the plaintiff and defendant. Gus Curcio, Jr., Dahill Donofrio and Paul Van Stone each state, through affidavit, that they were present when the negotiations occurred. All three affidavits are silent about the issue of misrepresentation.
The defendant submitted affidavits to support its argument that it was fraudulently induced. The affidavit of John Miranda, the defendant's president, states that he was shown a purported lease by the plaintiff's agents and that the plaintiff's agents threatened to enforce the lease. Miranda states that he agreed to the oral agreement that permitted the plaintiff to keep its machines on the defendant's premises because he feared a suit. The defendant also submitted an affidavit of the former owner of the bar that states that the lease was a fraud.
After reviewing all submitted affidavits, it is apparent to the court that the defendant has not met its burden of proving that there is no genuine issue of material fact regarding the motivation of the parties when they entered into the agreement. Consequently, the court will not enter summary judgment where, as here, the defendant's burden of proof is higher because the special defense is fraud. This increased quantum of proof and the demanding standard for resolving issues of fact on summary judgment militate against granting summary judgment on the ground that the plaintiff was induced to enter the contract fraudulently.
B. Statute of Frauds
The defendant argues that the statute of frauds bars the enforcement of this oral agreement. The plaintiff responds that the statute of frauds does not apply to this agreement. CT Page 1453
"No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by a party, or the agent of the party, to be charged: . . . (5) upon any agreement that is not to be performed within one year from the making thereof." General Statutes § 52-550(a).
"[A]n oral contract that does not say, in express terms, that performance is to have a specific duration beyond one year is, as a matter of law, the functional equivalent of a contract of indefinite duration for the purposes of the statute of frauds. Like a contract of indefinite duration, such a contract is enforceable because it is outside the prescriptive force of the statute regardless of how long completion of performance will actually take." C. R. Klewin, Inc. v. Flagship Properties, Inc.,220 Conn. 569, 583-84, 600 A.2d 772 (1991).
The defendant has not met its burden of establishing that the oral contract that permitted the plaintiff to place its machines on the defendant's property was for a specific duration. Because the court does not know the definite time within which the contract must be performed, the court must conclude, as it evaluates the motion for summary judgment, that the oral contract is for an indefinite period of time. Under the rule of C. R.Klewin, the statute of frauds does not apply to an oral contract for an indefinite time. Therefore, the defendant's motion for summary judgment cannot be granted on the ground that the contract is unenforceable because of the statute of frauds.
C. Land record
The defendant also argues that this oral agreement is not enforceable because it was not recorded as a land record. The plaintiff responds that the oral agreement did not have to be recorded as a land record.
"No lease of any building, land or tenement, for life or for any term exceeding one year or which provides for the renewal thereof or an option to purchase such building, land or tenement, shall be effectual against any person other than the lessor and lessee and their respective heirs, successors, administrators and executors, unless it is in writing, executed, attested, acknowledged and recorded in the same manner as a deed of land." General Statutes § 47-19. CT Page 1454
"A lease is a contract under which an exclusive possessory interest in property is conveyed. Monarch Accounting Supplies,Inc. v. Prezioso, 170 Conn. 659, 663-64, 368 A.2d 6 (1976);Jo-Mark Sand Gravel Co. v. Pantanella, 139 Conn. 598, 601,96 A.2d 217 (1953)." Clean Corp. v. Foston, 33 Conn. App. 197, 201,634 A.2d 1200 (1993). "Unlike a lease, a license in real property is a mere privilege to act on the land of another, which does not produce an interest in the property. State v. Allen,216 Conn. 367, 380, 579 A.2d 1066 (1990); State v. Grant, 6 Conn. App. 24,29, 502 A.2d 945 (1986)." Id., 203.
A genuine issue of material fact exists as to whether the contract in this case is a lease or a license. The defendant has not met its burden of proof that it gave exclusive possession to its premises to the plaintiff. The court cannot decide, as a matter of law, that the contract was a lease. Without sufficient evidence to determine whether the contract is a lease, the court cannot as a matter of law conclude that the contract must be recorded under General Statutes § 47-19. Therefore, the defendant's motion for summary judgment is denied on this ground.
Accordingly, the defendant's motion for summary judgment is denied.
THE COURT
MAIOCCO, J.