### JOANNE DREA *v.* GERALD SILVERMAN
### (AC 18352)

O'Connell, C. J., and Schaller and Spear, Js.

Argued May 25—officially released September 28, 1999

*Matthew Shafner,* with whom, on the brief, was *James A. Hall IV,* for the appellant (plaintiff).

*Paul T. Nowosadko,* with whom, on the brief, was *Lorinda S. Coon,* for the appellee (defendant).

*Opinion*

O'CONNELL, C. J. The plaintiff, Joanne Drea, appeals from the judgment of the trial court, rendered after a

jury trial, in favor of the defendant, Gerald Silverman, in this dental malpractice action. The plaintiff claims that the court abused its discretion by admitting into evidence the opinion of her subsequent treating dentist that she had no legitimate reason to sue her former dentist. We disagree and affirm the judgment of the trial court.

The following facts are relevant to this appeal. The plaintiff brought this action alleging that the defendant, her former dentist, had failed to install a series of crowns properly. Unsatisfied with the work, the plaintiff sought treatment from several other dentists, including Lloyd Miller, who acted as an expert witness in the present case.

Miller[1] began treating the plaintiff to correct what she described as difficulty in chewing following the crown work done by the defendant. After examining the plaintiff's teeth, Miller removed all the crown work that had been done recently by the defendant and replaced the crowns. In the course of this action, the plaintiff's attorney wrote to Miller requesting copies of the plaintiff's treatment records. In responding to the request, Miller wrote a note at the bottom of the request letter stating, "There is no legitimate reason for this patient to be suing her former dentist."

Miller subsequently gave a deposition at the request of counsel for the defendant. At trial, both parties presented Miller's testimony by reading the transcript of the deposition into the record. The defendant further offered as an exhibit, over the plaintiff's objection,[2] the

---

[1] Miller is a specialist in prosthodontia, the branch of dentistry dealing with the replacement of missing teeth by use of artificial means such as bridges or dentures.

[2] The plaintiff objected to the document's admission claiming that it was irrelevant and highly prejudicial. The trial court overruled the objection on the ground that "the questions and answers in the deposition laid a foundation for the admissibility of this document . . . ."

original record request letter with Miller's handwritten note at the bottom.

After the jury returned a verdict for the defendant, the plaintiff filed a motion to set it aside on the basis of the court's admission of Miller's handwritten opinion. Although the motion asserted several different claims of impropriety with respect to the admission of this document, this appeal is limited to the question of whether there was an adequate foundation for the statement's admission.

"The trial court's ruling on the admissibility of evidence is entitled to great deference. *State* v. *Castonguay*, 218 Conn. 486, 497, 590 A.2d 901 (1991); *State* v. *Sharpe*, 195 Conn. 651, 659, 491 A.2d 345 (1985). [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . *State* v. *Coleman*, 241 Conn. 784, 789, 699 A.2d 91 (1997)." (Internal quotation marks omitted.) *State* v. *Berger*, 249 Conn. 218, 229–30, 733 A.2d 156 (1999). Moreover, evidentiary rulings "will be overturned on appeal only where there was an abuse of discretion and a showing by the [challenging party] of substantial prejudice or injustice." (Internal quotation marks omitted.) *State* v. *Hines*, 243 Conn. 796, 801, 709 A.2d 522 (1998).

"The proffering party bears the burden of establishing the relevance of the offered testimony. Unless a proper foundation is established, the evidence is irrelevant. . . . Relevance may be established in one of three ways. First, the proffering party can make an offer of proof. . . . Second, the record can itself be adequate to establish the relevance of the proffered testimony. . . .

Third, the proffering party can establish a proper foundation for the testimony by stating a good faith belief that there is an adequate factual basis for his or her inquiry." (Citations omitted; internal quotation marks omitted.) *State* v. *Beliveau*, 237 Conn. 576, 586, 678 A.2d 924 (1996).

To admit an expert witness' opinion, "[t]he witness must be qualified to express the opinion the question calls for, and adequate facts upon which [the opinion] is based must be proved." *Graybill* v. *Plant*, 138 Conn. 397, 403, 84 A.2d 238 (1951). The plaintiff argues that Miller was not qualified to express his opinion on the validity of her legal claim because he did not have an adequate factual basis on which to base that opinion. Specifically, the plaintiff contends that Miller never reviewed the defendant's treatment records, nor did he have knowledge of the agreement between the parties.

The trial court concluded that the questions and answers in the deposition that were read into evidence provided an adequate foundation for the admission of the challenged opinion. We agree with the trial court. When Miller was questioned with regard to the meaning of his handwritten note, he stated: "It refers to the fact [that] when I evaluated the mouth . . . I found no substance to her claims that the work was done improperly. That the margin of fit of the crowns was well within the normal limits. The X-rays did not indicate any particular problem. That the bite on occlusion was even and within the discernible limits within her comfort zone. When patients tell me they don't like the aesthetics, it may take some time to sift out what they don't like about the settings. That is a very personal thing. That is why I said there is no legitimate reason for this patient to be suing her former dentist."

Miller's testimony clearly sets forth the facts on which he relied to conclude that there was no merit to the

plaintiff's claim that the fit and position of the crowns was improper. As a subsequent treating dentist whose expertise with respect to proper dentistry is not disputed, Miller was qualified to give his opinion about the quality of the defendant's dental work. The information elicited in the deposition made it clear to the jury that Miller was commenting on the fit and quality of the crowns on the basis of his examination of the plaintiff's mouth. Accordingly, the trial court properly determined that the deposition testimony furnished an adequate foundation for the admission of Miller's opinion.

The judgment is affirmed.

In this opinion the other judges concurred.