## PETER ROCK ASSOCIATES *v.*
## TOWN OF NORTH HAVEN
## (AC 18793)

Foti, Landau and Daly, Js.

Argued March 30—officially released July 25, 2000

*Jack G. Steigelfest,* with whom, on the brief, were *John Stephen Papa* and *James F. Sullivan,* for the appellant (plaintiff).

*Jeffrey M. Donofrio,* with whom, on the brief, was *Robert K. Ciulla,* for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Peter Rock Associates, appeals from the judgment rendered in its favor by the

trial court, which consisted of a committee of three judge trial referees,[1] pursuant to the plaintiff's appeal and application for review of statement of compensation for condemnation.[2] On appeal to this court, the plaintiff claims that the trial court improperly excluded evidence offered to prove the reasonable probability that the zoning classification of the subject real property would change and affect the value of the property, which was taken by condemnation during the appeal of the zoning change, and that by excluding that evidence, permitted the defendant, the town of North Haven, to evade Connecticut's affordable housing laws. We affirm the judgment of the trial court.

The appeal arises out of the defendant's taking by eminent domain real property owned by the plaintiff pursuant to a recommendation of the defendant's board of selectmen and subsequent approval by its electorate

[1] General Statutes § 52-434a provides: "(a) In addition to the powers and jurisdiction granted to state referees under the provisions of section 52-434, a Chief Justice or judge of the Supreme Court, a judge of the Appellate Court, a judge of the Superior Court or a judge of the Court of Common Pleas, who has ceased to hold office as justice or judge because of having retired and who has become a state referee and has been designated as a trial referee by the Chief Justice of the Supreme Court shall have and may exercise, with respect to any civil matter referred by the Chief Court Administrator, the same powers and jurisdiction as does a judge of the court from which the proceedings were referred.

"(b) In condemnation proceedings in which the assessment fixed by the condemning authority exceeds the sum of two hundred thousand dollars the court may, at the request of either party, or on its own motion, refer the proceedings to the Chief Court Administrator for referral to a committee of three such referees who, sitting together, shall hear and decide the matter. In such matters in which the fees payable to a referee are to be paid by the state, each such referee shall be reimbursed as provided in section 52-434.

"(c) The power conferred by this section may be exercised by any such state referee, whether acting in his capacity as a state referee, or as an auditor, or as a committee of one, or by any committee composed of not more than three such state referees, with respect to any civil matter referred to him or to it, the provisions of any general or special law to the contrary notwithstanding."

[2] See General Statutes § 8-132.

in July, 1996. After the defendant filed a statement of compensation in the trial court, the plaintiff appealed, challenging the amount of compensation. Prior to trial, the defendant filed a motion in limine to preclude the plaintiff from presenting certain evidence concerning an option to purchase and proposed zoning changes. The motion in limine was granted and the matter proceeded to trial, where the court found that the plaintiff was aggrieved as to the fair market value of the property and rendered judgment in its favor. The plaintiff appealed.

This court "may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law . . . ." Practice Book § 60-5. "The trial court's ruling on the admissibility of evidence is entitled to great deference. *State* v. *Castonguay*, 218 Conn. 486, 497, 590 A.2d 901 (1991); *State* v. *Sharpe*, 195 Conn. 651, 659, 491 A.2d 345 (1985). [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . *State* v. *Coleman*, 241 Conn. 784, 789, 699 A.2d 91 (1997). . . . *State* v. *Berger*, 249 Conn. 218, 229, 733 A.2d 156 (1999). Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the [challenging party] of substantial prejudice or injustice. . . . *State* v. *Hines*, 243 Conn. 796, 801, 709 A.2d 522 (1998)." (Internal quotation marks omitted.) *Drea* v. *Silverman*, 55 Conn. App. 107, 109, 737 A.2d 990 (1999). "The party making the claim of error has the burden of showing that the court clearly abused its discretion."

(Internal quotation marks omitted.) *Pelarinos* v. *Henderson*, 34 Conn. App. 726, 728–29, 643 A.2d 894, cert. denied, 231 Conn. 909, 648 A.2d 155 (1994). "The questions of the highest and best use of property and of the reasonable probability of a zone change are . . . questions of fact for the trier. . . . We will not disturb the court's findings on those issues unless they are clearly erroneous. . . . *Greene* v. *Burns*, [221 Conn. 736, 748, 607 A.2d 402 (1992)]." (Citations omitted; internal quotation marks omitted.) *South Farms Associates Ltd. Partnership* v. *Burns*, 35 Conn. App. 9, 16, 644 A.2d 940, 231 Conn. 912, 648 A.2d 157 (1994).

After reviewing the record and briefs and hearing the parties at oral argument, we are persuaded that the judgment of the trial court should be affirmed. The issue regarding the underlying dispute was resolved properly in the trial court's thoughtful and comprehensive memorandum of decision. See *Peter Rock Associates* v. *North Haven*, 46 Conn. Sup. 458, 756 A.2d 335 (1998). Because that memorandum of decision fully addresses the arguments raised in this appeal, we adopt it as a proper statement of the facts and the applicable law on those issues. . . . It would serve no useful purpose for us to repeat the discussion contained therein." (Citations omitted; internal quotation marks omitted.) *East* v. *Labbe*, 252 Conn. 359, 361, 746 A.2d 751 (2000); *In re Karrlo K.*, 40 Conn. App. 73, 75, 668 A.2d 1353 (1996).

The judgment is affirmed.