[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUPPLEMENTAL INTEREST
The only remaining issue in this case, which has already gone to judgment, is whether the plaintiff's motion for supplemental interest should be granted pursuant to General Statutes § 37-3c. The plaintiff seeks this additional interest in the wake of the decision affirming the trial court's judgment in its favor. Peter Rock Associates v. NorthHaven, 46 Conn. Sup. 458, 459-60, 756 A.2d 335, affirmed 59 Conn. App. 1,756 A.2d 290, cert. denied, 254 Conn. 933, 761 A.2d 754 (2000).
The facts may be summarized as follows: On August 6, 1996, the defendant, Town of North Haven, instituted a taking action of property belonging to the plaintiff, Peter Rock Associates. The taking was predicated on a vote of the board of selectmen to acquire by purchase or condemnation the plaintiff's property in North Haven. The town electors approved the appropriation of $2,375,000 for the acquisition of the plaintiff's property. Failing to agree on a sales price with the plaintiff, the board of selectmen voted to institute eminent domain proceedings to acquire the property. A certificate of taking was issued. Pursuant to court order, the $2,375,000 was paid to the plaintiff. The plaintiff thereupon filed an appeal and application for review of the statement of compensation condemnation, and, following a hearing, a three judge panel of the Superior Court awarded the plaintiff an additional $82,000 for the condemnation of its property. Peter Rock Associates v.North Haven, supra, 46 Conn. Sup. 479.
The plaintiff filed a motion for interest and costs on November 9, 2000, asserting that the defendant owed the plaintiff a total of $16,555 in interest and costs on the August 13, 1998 judgment. On December 4, 2000, the defendant sent the plaintiff $98,555, representing the $82,000 ordered by the August 13, 1998 judgment, plus the $16,555 indicated in the plaintiff's motion, along with correspondence indicating that the payment was made in full satisfaction of the August 13, 1998 judgment. In a letter dated December 22, 2000, however, the plaintiff informed the defendant that the $98,555 would not satisfy the full amount due and that the checks totaling $98,555 would be held in escrow until resolution of CT Page 5872 the issue of interest and costs.
The plaintiff thereupon filed a supplemental motion for interest on December 27, 2000, explaining that its motion for interest and costs filed November 9, 2000, was incorrectly based upon General Statutes § 37-3b, instead of the correct statute, General Statutes § 37-3c, under which interest in condemnation cases runs until the date of tender.
The plaintiff therefore contends that the defendant was required to pay an additional $14,337.20 in interest to the plaintiff.
The defendant filed an objection to the plaintiff's supplemental motion for interest on January 8, 2001, arguing that the plaintiff is not entitled to collect interest for the period during which the plaintiff's appeals were pending and that pursuant to the August 13, 1998 judgment, the plaintiff is only entitled to interest from the date of the taking to the date of the judgment. At oral argument on March 12, 2001, the defendant also argued that the letter and payment sent to the plaintiff on December 4, 2000, was the memorialization of a settlement agreement reached by the parties and that the plaintiff should not be allowed to abandon the settlement in search of more money.
On August 13, 1998, when the Superior Court entered judgment in favor of the plaintiff, it ordered the defendant to pay the plaintiff $82,000, plus interest "at the reasonable and just rate of 7.5 percent per annum from August 6, 1996, to the date of this judgment. See General Statutes§ 37-3c." (Emphasis added.) Peter Rock Associates v. North Haven,
supra, 46 Conn. Sup. 479 (2000). Given the citation to General Statutes § 37-3c, it is clear that the court purported to act pursuant to § 37-3c when awarding interest. The language of the August 13, 1998 judgment is not in conflict with the law that the court relied on as authority when issuing its decision. Therefore, the August 13, 1998 judgment does not conflict with General Statutes § 37-3c, and §37-3c is indeed the governing law to be applied to this case.
"General Statutes § 37-3c provides for the recovery of interest by the condemnee, from the date of the taking to the date of payment, on any sum awarded in excess of the amount deposited by the condemnor." McCarthyv. Bridgeport, 21 Conn. App. 359, 365, 574 A.2d 226 (1990). Whether General Statutes § 37-3c allows interest to accrue during the period of time when appeals made by the condemnee are pending, however, is a case of first impression.
"Statutory construction is a question of law. . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the CT Page 5873 legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) Cotto v. United Technologies Corp., 251 Conn. 1, 6,738 A.2d 623 (1999).
"As with any issue of statutory interpretation, our initial guide is the language of the statute itself." (Internal quotation marks omitted.)Peabody N.E., Inc. v. Dept. of Transportation, 250 Conn. 105, 122,735 A.2d 782 (1999). General Statutes § 37-3c provides in pertinent part: "The judgment of compensation for a taking of property by eminent domain shall include interest-at a rate that is reasonable and just on the amount of the compensation awarded. . . . Such judgment shall not include interest on any funds deposited by the condemnor as compensation for the taking for the period after such deposited funds become available for withdrawal by the condemnee. The interest shall accrue from the dateof taking to the date of payment." (Emphasis added.) "[I]f the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.) Office ofConsumer Counsel v. Dept. of Public Utility Control, 246 Conn. 18, 29,716 A.2d 78 (1998). The plain and unambiguous statutory language does not carve out any exception with respect to the statutory mandate that interest is to accrue from the date of the taking to the date of payment.
The defendant fails to provide any authority in support of its assertion that interest is not permitted to accrue during the time an appeal is pending. The legislative history of General Statutes § 37-3c
is devoid of discussion on this issue. Again, the plain and unambiguous language of General Statutes § 37-3c provides that interest will accrue, without exception, until such time as the funds are deposited and available for withdrawal by the condemnee. If the legislature had meant to carve out an exception for the accrual of interest during the period of time when appeals are pending in condemnation cases than the legislature would have stated its intention plainly and unambiguously. See, for example, General Statutes § 37-3b which prohibits the accrual of interest during the period of time when appeals are pending in negligence actions. The defendant had the option of depositing the $82,000 at the time of the August 13, 1998 judgment, just as it did the original $2,375,000. See Tolland Enterprises v. Commissioner ofTransportation, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 508173 (April 23, 1993, Shea, STR.) ("[i]nterest at a rate that is reasonable and just pursuant to General Statutes § CT Page 587437-3c is also awarded on the amount in excess of the $10,800 assessed by the commissioner, because that $10,800 has been `available for withdrawal by the condemnee' since the date of condemnation"). General Statutes § 37-3c therefore allows the plaintiff to collect interest on the $82,000 until the date of payment (December 4, 2000).
The defendant also argues that even if General Statutes § 37-3c
permits the accrual of interest during the period of time an appeal is pending, the plaintiff entered into a binding settlement with the defendant which fully satisfied the August 13, 1998 judgment, and that the plaintiff is therefore not entitled to additional interest as claimed in its motion for supplemental interest. While the defendant argues that the checks and the letter sent to the plaintiff represented the memorialization of a settlement agreed to by the parties during a telephone conversation on November 28, 2000, the defendant's letter of December 4, 2000 does not in fact reference a settlement agreement made by the parties during the November 28, 2000 conversation, nor does the defendant present affidavits to attest to the existence of an actual settlement agreement. Instead, the evidence presented indicates that the defendant made an offer to the plaintiff. The plaintiff, although apparently initially interested, in fact rejected the offer by writing its letter and holding the checks in escrow until resolution of this question. It cannot be said that there was an unambiguous agreement to settle the outstanding issues in the fashion claimed by the defendant. See Audubon Parking Associates Limited Partnership v. Barclay andStubbs, 225 Conn. 804 (1993).
Accordingly, the plaintiff's motion for supplemental interest is granted in accordance with the plain and ordinary meaning of General Statutes § 37-3c. The parties had agreed, at the time of oral argument, that any additional interest should be calculated at the same 7.5% rate that the trial court had applied, and the defendant is therefore ordered to pay to the plaintiff the balance of the interest owed at that rate through the date that the final payment of the principal was actually tendered.
Jonathan E. Silbert, Judge