[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This proceeding is an appeal by Slater Mill Associates (Slater) from a condemnation on December 21, 2000 by the Borough of Jewett City (Borough) of a portion of a larger tract of real estate owned by Slater and located on the westerly side of Slater Avenue and the northerly side of Wadgewood Drive in the Town of Griswold. The Borough determined the value of the property taken to be $4,500.00, which sum it deposited with the court. Slater instituted this action challenging the sufficiency of the award.
The real estate taken is a vacant parcel of land located in a industrial zone and containing 0.68 acres. The parcel is one of three contiguous tracts of land containing a total of 8.67 acres owned by Slater.
A multi-story mill building built in 1840 is located on one of the other two tracts of land. The mill building is used as a multi-tenant retail and office facility with approximately one-half of the space used for a flea market conducted on Sundays during the warmer months of the year. A portion of the real estate taken is used by some flea market vendors for their stalls and by customers of the flea market for parking. The taking did not interfere with the use made by Slater's tenants of the premises.
The real estate taken is a long, irregularly-shaped narrow parcel of land which extends southerly from the southwesterly corner of the mill property and is approximately 40 feet wide and 720 feet long. Before the taking, the strip of land was a portion of an irregularly-shaped finger of land extending to the south from the mill building premises with an average width of 165 feet and an average length of 720 feet. At its narrowest point the finger was approximately 110 feet wide and at its widest point it was approximately 220 feet wide, before narrowing to a point at its extreme southern end. The full length of the finger is burdened with a power easement with overhead power lines on poles. After the taking, the remaining portion of the finger is approximately 135 feet wide and 720 feet long.
The real estate taken borders the Borough's sewer treatment plant on the east and a discontinued mill raceway on the west. The raceway is a ten to fifteen foot deep gully overgrown with brush and trees.
In testimony before the court, both Slater's appraiser, Robert G. Stewart, and the Borough's appraiser, A. Peter Dellaire, considered the CT Page 2475 parcel taken to be unimproved land and used the sales comparison approach to determine its value. In view of the character of the real estate taken and the lack of data as to rental income from the real estate, the sales comparison approach to the valuation of the real estate is proper.
Stewart determined the value of the entire 8.67 acre parcel before the taking without considering the value of the mill buildings, since no portion of the mill buildings was taken, and compared that with the value of the 7.99 acres remaining after the taking. Stewart found the value of the 8.67 acres before the taking to be $270,000.00 and value of the 7.99 acres remaining after the taking to be $230,000.00 and found a diminution in value of $40,000.00 due to the taking.
Since the parcel taken was described as a separate tract of land in the deed to Slater, Dellaire did not consider the taking to be a partial taking and appraised only the 0.68 acres taken. Dellaire found the value of parcel taken to be $4,500.00.
The proper measure of damages arising from a partial condemnation was set forth in D'Addario v. Commissioner of Transportation, 172 Conn. 182, 184-5
(1976), as follows:
 When only a part of a tract of land is taken for the public use, just compensation includes recovery for the part taken and recovery for any damages visited upon the remainder which result from the taking. The ordinary rule for measuring damages where a portion of a tract of land is taken is to determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value. (Internal quotation marks and citations omitted.)
The three parcels of real estate owned by Slater were used together for the commercial enterprises carried on in the mill building. Accordingly, the court finds that Stewart employed the proper measure of damages and Dellaire failed to do so.
Stewart determined that the highest and best use of Slater's real estate is the continuation of its present use as a multi-tenant retail and office facility with a weekend flea market. Dellaire found the highest and best use of the real estate to be industrial. CT Page 2476
There was testimony during the trial that, commencing in 1988 and 1989, Slater had plans to convert the mill into residential apartments and/or condominiums. Stewart found that "(s)everal approvals and much work are needed" and "(d)ue to the change in the economy and real estate market, the conversion was not done." Because of the highly speculative nature of the possible conversion of the mill to apartments or condominiums, any consideration of such conversion in valuing the property would be improper. See Peter Rock Associates v. North Haven,46 Conn. Sup. 458, 476 (1998), aff'd, 59 Conn. App. 1 (2000), cert. denied, 254 Conn. 933 (2000). Accordingly, the court finds the highest and best use of the premises to be its use at the time of the taking.
In conducting his appraisal, Stewart used three comparable sales of industrially-zoned vacant parcels of land which were purchased for the purpose of building improvements thereon. The sales price per acre of the comparables ranged from $34,970.00 to $51,404.00.
After making adjustments for location, size of parcel, shape of parcel, easements, soil conditions and utilities, Stewart concluded that the rounded predominant indicated a value of $31,000.00 per acre for Slater's real estate prior to the taking. He found the value of the real estate prior to the taking to be 8.67 acres at $31,000.00 per acre or $268,770.00 rounded to $270,000.00. Stewart made an additional adjustment of -0.50% for the shape of the real estate after the taking and concluded that the rounded predominant indicated a value of $28,500.00 per acre for Slater's real estate after the taking. He found the value of the real estate after the taking to be 7.99 acres at $28,500.00 per acre or $227,715.00, rounded to $230,000.00. Accordingly, Stewart found the value of the taking to be $40,000.00.
Each of the comparables relied upon by Stewart was configured in a manner which was suitable for the construction of improvements and, at the time of the condemnation in this case, buildings were being constructed, or permits were issued to allow the construction of buildings, on the comparables. Each of the comparables also had substantial road frontage on established roadways. The Slater parcels, however, were irregularly-shaped and because of their topography and configuration were not as suitable for the construction of improvements as were Stewart's comparables. Although Stewart made adjustments to his comparables to reflect differences between the comparables and Slater's real estate, the adjustments made by Stewart of 0% for frontage, between 8% and 15% for shape and 0% for topography do not properly reflect the differences between the comparables and Slater's real estate.
 CONCLUSION
CT Page 2477
Considering the comparable sales relied upon by both appraisers, having viewed the property and taking into due consideration the characteristics of Slater's real estate and the parcel taken, the court concludes that the value of the real estate before the taking to be 8.67 acres at $26,000.00 per acre or $225,420.00, rounded to $225,000.00 and the value of the real estate after the taking to be 7.99 acres at $25,500.00 per acre or $203,745.00, rounded to-$205,000.00. Accordingly, the court finds that the sum of $20,000.00 is due Slater. After subtracting the $4,500.00 deposited with the court by the Borough, the balance due Slater is $15,500.00, plus interest. An appraiser's fee of $4,000.00 is to be included in costs.
Therefore, judgment may enter for Slater in the amount of $15,500.00, plus interest from the date of the taking to the date of payment and reasonable costs, including an appraiser's fee of $4,000.00.
Seymour L. Hendel, Judge Trial Referee